UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANDREW MAPLES,

    Petitioner,

v

    CASE NO 00CV-71718-DT
    HONORABLE PATRICK J DUGGAN

JIMMY STEGALL,

    Respondent.
_____/

RESPONDENT'S MOTION TO ENLARGE RESPONSE TIME

    Respondent, by counsel, pursuant to Habeas Rule 4 and Fed R Civ. Proc 6(b), moves the Court to enter its order enlarging Respondent's response time by 120 days, based upon the following reasons

    1    Respondent is currently awaiting receipt of 28 U S C § 2254 Rule 5 materials, which are relevant to Petitioner's conviction and incarceration. Specifically, Macomb County Circuit Court file number 93-002380-FH docket sheet, court file and transcripts, Michigan Court of Appeals numbers 196975 and 218838 and Michigan Supreme Court number 110944

    2.    Until Respondent receives such records, Respondent remains unable to review the same, to ascertain the facts relevant to Petitioner's habeas claim, to evaluate possible dispositive motions, to prepare an appropriate answer and deliver state court records to this Court as required by Habeas Rule 5, and, to fully assist this Court

    3    This is Respondent's first request for an enlargment in this matter.



4      Since Petitioner is not represented by counsel, concurrence in the relief sought is not required by Local Rules

                                            Respectfully submitted,

                                            JENNIFER M GRANHOLM
                                            Attorney General

                                            */s/ William C. Campbell*

                                            William C Campbell (P39683)
                                            Assistant Attorney General
                                            Habeas Corpus Division
                                            1st Floor One Michigan Bldg
                                            120 N Washington Square
                                            Lansing, Michigan 48913

Dated  June 23, 2000                        (517) 373-4875

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANDREW MAPLES,

    Petitioner,

v

    CASE NO 00CV-71718-DT
    HONORABLE PATRICK J DUGGAN

JIMMY STEGALL,

    Respondent

_____/

BRIEF IN SUPPORT OF RESPONDENT'S
MOTION TO ENLARGE TIME

Habeas Rule 4 authorizes the Court to set the time for filing responses of habeas petitions

> Otherwise, the judge shall order the Respondent to file an answer or other pleading within the period of time fixed by the Court..

The Advisory Committee Note following Habeas Rule 4 acknowledges the Court's broad discretion to enlarge response time for reasons of transcript unavailability or Respondent's workload·

> In view of the widespread state of work overload in prosecutor's offices (see, e g , Allen 424 F. 2d at 141), additional time is granted in some jurisdictions as a matter of course. rule 4, which contains no fixed time requirement, gives the court discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made

Fed R. Civ P. 6(b)(1) also governs time enlargements and authorizes the relief sought in Respondent's accompanying motion·

> (b) Enlargement When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period

enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under rules 50(b) and (c)(2), 52(b), 59(b), (d) and (3), 60(b), and 74(a), except to the extend and under the conditions stated in them

While delay is not to be encouraged, courts often grant an extension of time where the delaying party has not shown bad faith and the delay has not substantially prejudiced the other party. See, e g , Johnson v Harper, 66 F.R D 103 (E.D Tenn 1975), In re Four Seasons Securities Law Litigation, 493 F 2d 1288 (10th Cir 1974), Rooks v American Brass Co , 26 F. 2d 166 (6th Cir 1959), Schram v O'Connor, 2 F R D 192 (E D Mich 1941)

The delay sought by Respondent is not attributable to bad faith and will not operate to substantially prejudice Petitioner  Accordingly, application of the above authority to the grounds recited in Respondent's accompanying motion warrants enlargement of the time for filing a response to the habeas petition herein

Respectfully submitted,

JENNIFER M GRANHOLM
Attorney General

William C Campbell (P39683)
Assistant Attorney General
Habeas Corpus Division
1st Floor One Michigan Bldg
120 N Washington Square
Lansing, Michigan 48913
(517) 373-4875

Dated  June 23, 2000

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANDREW MAPLES,

    Petitioner,

v

    CASE NO 00CV-71718-DT
    HONORABLE PATRICK J DUGGAN

JIMMY STEGALL,

    Respondent
_____/

## PROOF OF SERVICE

STATE OF MICHIGAN  )
                         )ss
COUNTY OF INGHAM  )

    The undersigned certifies that on the date set forth below, she served a copy of the following papers

1. Respondent's Motion for Enlargement of Time Within Which to File Responsive Pleading,
2. Brief in Support of same,
3. proposed Order Granting Enlargement (2 copies);
4. Self-Addressed Envelope, and,
5. proof of service.

upon

237382 David Andrew Maples
Macomb Correctional Facility
P O Box 480999
New Haven MI 48048-0999

    I declare under penalty of perjury that the foregoing is true and correct,

executed on June 23, 2000

                                             Kimberly S Musser