UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANDREW MAPLES,

Petitioner,

CASE NO: 00CV-71718-DT
HONORABLE PATRICK J. DUGGAN

v

JIMMY STEGALL,

Respondent.

_____/

## RESPONDENT'S MOTION TO ENLARGE RESPONSE TIME

Respondent, by counsel, pursuant to Habeas Rule 4 and Fed. R. Civ. Proc. 6(b), moves the Court to enter its order enlarging Respondent's response time by 90 days, based upon the following reasons:

1.     The Office of Attorney General is currently handing over 1,000 active federal habeas petitions.  Counsel is continuing to diligently work through the backlog of cases while attempting to timely answer newly filed habeas petitions.

2.     The AEDPA has generated substantial legal issues of first impression. In order to adequately prepare an answer that will assist the court, these issues must be researched and addressed.

3.     Due to the increase of habeas petitions and the number of new issues presented by the AEDPA, counsel spends a substantial amount of time preparing for and traveling to the United States Court of Appeals for the Sixth Circuit.

4.     This is Respondent's second request for an enlargement in this matter.



5.      Since Petitioner is not represented by counsel, concurrence in the relief

sought is not required by Local Rules.

Respectfully submitted,

JENNIFER M. GRANHOLM
Attorney General

William C. Campbell (P39683)
Assistant Attorney General
Habeas Corpus Division
1st Floor One Michigan Bldg.
120 N. Washington Square
Lansing, Michigan 48913
(517) 373-4875

Dated: October 12, 2000

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANDREW MAPLES,

        Petitioner,

                                    CASE NO:  00CV-71718-DT

v                               HONORABLE PATRICK J. DUGGAN

JIMMY STEGALL,

        Respondent.

_____/

## BRIEF IN SUPPORT OF RESPONDENT'S
## MOTION TO ENLARGE TIME

Habeas Rule 4 authorizes the Court to set the time for filing responses of habeas petitions.

> ...Otherwise, the judge shall order the Respondent to file an answer or other pleading within the period of time fixed by the Court...

The Advisory Committee Note following Habeas Rule 4 acknowledges the Court's broad discretion to enlarge response time for reasons of transcript unavailability or Respondent's workload:

> In view of the widespread state of work overload in prosecutor's offices (see, e.g., Allen 424 F. 2d at 141), additional time is granted in some jurisdictions as a matter of course. rule 4, which contains no fixed time requirement, gives the court discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made.

Fed. R. Civ. P. 6(b)(1) also governs time enlargements and authorizes the relief sought in Respondent's accompanying motion:

> (b) Enlargement.  When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period

enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under rules 50(b) and (c)(2), 52(b), 59(b), (d) and (3), 60(b), and 74(a), except to the extend and under the conditions stated in them.

While delay is not to be encouraged, courts often grant an extension of time where the delaying party has not shown bad faith and the delay has not substantially prejudiced the other party. See, e.g., Johnson v Harper, 66 F.R.D. 103 (E.D. Tenn. 1975); In re Four Seasons Securities Law Litigation, 493 F. 2d 1288 (10th Cir. 1974); Rooks v American Brass Co., 26 F. 2d 166 (6th Cir. 1959); Schram v O'Connor, 2 F.R.D. 192 (E.D. Mich. 1941).

The delay sought by Respondent is not attributable to bad faith and will not operate to substantially prejudice Petitioner. Accordingly, application of the above authority to the grounds recited in Respondent's accompanying motion warrants enlargement of the time for filing a response to the habeas petition herein.

Respectfully submitted,

JENNIFER M. GRANHOLM
Attorney General

William C. Campbell (P39683)
Assistant Attorney General
Habeas Corpus Division
1st Floor One Michigan Bldg.
120 N. Washington Square
Lansing, Michigan 48913
(517) 373-4875

Dated: October 12, 2000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANDREW MAPLES,

     Petitioner,

v

JIMMY STEGALL,

     Respondent.

_____/

CASE NO: 00CV-71718-DT
HONORABLE PATRICK J. DUGGAN

## PROOF OF SERVICE

STATE OF MICHIGAN   )
                  )ss
COUNTY OF INGHAM  )

     The undersigned certifies that on the date set forth below, she served a copy of the following papers:

1. Respondent's Motion for Enlargement of Time Within Which to File Responsive Pleading;
2. Brief in Support of same;
3. proposed Order Granting Enlargement (2 copies);
4. Self-Addressed Envelope;  and,
5. proof of service.

upon:

237382 David Andrew Maples
Macomb Correctional Facility
P.O. Box 480999
New Haven MI  48048-0999

     I declare under penalty of perjury that the foregoing is true and correct, executed on October 13, 2000.

Kimborly S. Musser