UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MAPLES,

    Petitioner,

v.                            CASE NO. 00-CV-71718-DT
                               HONORABLE VICTORIA A. ROBERTS

JIMMY STEGALL,

    Respondent.
_____/

## ORDER (1) GRANTING PETITIONER'S APPLICATIONS FOR A CERTIFICATE OF APPEALABILITY AND FOR LEAVE TO PROCEED ON APPEAL WITHOUT PREPAYMENT OF THE FEE, AND (2) VACATING IN PART THE COURT'S PREVIOUS ORDER DENYING A CERTIFICATE OF APPEALABILITY

Petitioner has appealed the Court's opinion denying his habeas corpus petition.[1] Currently pending before the Court are Petitioner's applications for a certificate of appealability and for leave to appeal without prepayment of fees and costs.

### I. The Application for Leave to Appeal In Forma Pauperis

Petitioner paid the district court filing fee. Because he wants to proceed in forma pauperis on appeal, "the case must be processed in accordance with Fed. R. App. P. 24(a)." *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Appellate Rule 24(a) requires parties who wish to appeal in forma pauperis to file a motion in the District Court.

An appeal may be taken in forma pauperis if it is taken in good faith. 28 U.S.C. § 1915(a)(3); *Sweeney v. Smith*, 9 F. Supp. 2d 1026, 1027 (E.D. Wis. 1998). "Good faith" requires showing that the issues are arguable on the merits and therefore not frivolous; it does not require

---

[1] The Court issued its dispositive opinion and judgment and an order denying a certificate of appealability on October 12, 2001.

a showing of probable success. *Harkins v. Roberts*, 935 F. Supp. 871, 873 (S.D. Miss. 1996) (quoting *Howard v. King*, 707 F.2d 215, 219-220 (5th Cir. 1983)). "If the district court can discern the existence of any nonfrivolous issue on appeal, the movant's petition to appeal in forma pauperis must be granted." *Id.* (citing *Howard*, 707 F.2d at 220).

Petitioner's claim is not frivolous. Therefore, the appeal is taken in good faith, and Petitioner may proceed in forma pauperis on appeal. The application to proceed on appeal without prepayment of fees and costs [docket entry number 43] is **GRANTED**.

## II. The Application for a Certificate of Appealability

The standard for issuing a certificate of appealability "has a higher threshold than the [in forma pauperis] standard, that the appeal is not frivolous." *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner appears to be raising one issue on appeal: whether the advice provided by his trial attorney concerning the state's speedy trial rule rendered Petitioner's guilty plea involuntary. Petitioner alleges that the Court failed to address this claim in its dispositive opinion and in its order denying a certificate of appealability.

2

It appeared to the Court that Petitioner's habeas claims challenged: (1) the trial court's denial of Petitioner's entrapment motion; (2) the trial court's denial of Petitioner's speedy trial motion; (3) the prosecution's and trial judge's use of an unconstitutional statute to charge and sentence Petitioner; (4) a violation of the "more than one object" prohibition of the Michigan Constitution; (5) defense counsel's unauthorized practice of law in violation of state law; (6) the state appellate court's conclusion that Petitioner's claim was procedurally barred; and (7) the state appellate court's determination that Petitioner's allegation about the plea was not cognizable under the miscarriage-of-justice exception. Petitioner asserted in a reply to the State's responsive pleading that his second claim was really an ineffective-assistance-of-counsel claim, which he failed to raise in the Michigan Court of Appeals on direct review of his conviction.

In the Court's subsequent opinion and order, the Court treated Petitioner's second claim as an attack on the trial court's ruling about Petitioner's speedy trial claim. The Court concluded that the claim was waived by Petitioner's guilty plea.

Reasonable jurists could find that the Court's assessment of Petitioner's second claim was debatable or wrong. And to the extent that the Court rejected Petitioner's second claim on procedural grounds, reasonable jurists could conclude that Petitioner has stated a valid claim of the denial of a constitutional right and that the Court's ruling was incorrect. Accordingly, the Court **GRANTS** Petitioner's application for a certificate of appealability [docket entry number 37] as to Petitioner's second habeas claim. The Court **VACATES** the portion of its previous order that denied a certificate of appealability on Petitioner's second habeas claim.

Date: 8 - FEB 2002

_/s/ Victoria A. Roberts_
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

3