UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DAVID A. MAPLES,**

Petitioner,

File No. 00-71718

-vs-

Hon. Victoria Roberts

**JIMMY STEGALL, Warden**

Respondent.

# BRIEF IN SUPPORT OF PETITION
# FOR WRIT OF HABEAS CORPUS AFTER REMAND

**CRAIG A. DALY, P.C. (P27539)**
Attorney for Petitioner
577 E. Larned, Suite 240
Detroit, MI 48226
(313) 963-1455

# TABLE OF CONTENTS

**Page**

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii-iv

STATEMENT OF QUESTIONS INVOLVED . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-8

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-21

    **I.**     **PETITIONER MAPLES WAS DENIED HIS RIGHT TO A SPEEDY TRIAL BY THE OVER TWO (2) YEAR DELAY** . . . . . . . . . . . . . . . . . . . . . . . . . 9

    **II.**    **PETITIONER MAPLES WAS DENIED EFFEC- TIVE ASSISTANCE OF COUNSEL** . . . . . . . . . . . . . . . . . 19

RELIEF REQUESTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

# TABLE OF AUTHORITIES

**Page**

## CONSTITUTIONAL PROVISIONS

U.S. Const. VI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
U.S. Const. XIV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## FEDERAL CASES

<u>Atkins v Michigan</u>, 644 F2d 543 (6th Cir, 1981), <u>cert denied</u>,
    452 US 964, 101 S Ct 3115, 69 L Ed 2d 975 (1981) . . . . . . . . . . . . 9

<u>Barker v Wingo</u>, 407 US 514, 92 S Ct 2182, 33 L Ed 2d 101 (1972) . 10, 16

<u>Blackburn v Foltz</u>, 828 F2d 1177 (6th Cir, 1987), <u>cert denied</u>,
    485 US 970, 105 S Ct 1247, 99 L Ed2d 45 (1988) . . . . . . . . . . . . 20

<u>Cain v Smith</u>, 686 F2d 374 (6th Cir, 1982) . . . . . . . . . . . . . . . . . 11, 12, 16

<u>Dickey v Florida</u>, 398 US 30, 90 S Ct 1564,
    76 L Ed 2d 26 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12, 15

<u>Dillingham v United States</u>, 423 US 64, 96 S Ct 303,
    46 L Ed 2d 205 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

<u>Dogget v United States</u>, 505 US 647, 112 S Ct 2686,
    120 L Ed 2d 520 (1997) . . . . . . . . . . . . . . . . . . . . . . . . 11, 13, 15

<u>Evitts v Lucy</u>, 469 US 387, 105 S Ct 1783, 84 L Ed 2d 814 (1985) . . . . . 20

<u>Groseclose v Bell</u>, 130 F3d 1161 (6th Cir, 1997) . . . . . . . . . . . . . . . . . . . 20

<u>Hill v Lockhart</u>, 474 US 52 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

<u>Klopfer v North Carolina</u>, 386 US 213, 87 S Ct 988,
    18 L Ed 2d 1 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

**Page**

Matthews v Abramjtys, 319 F3d 780 (6th Cir, 2003) . . . . . . . . . . . . . . . . .  21

McKenzie v Smith, 326 F3d 721 (6th Cir, 2003) . . . . . . . . . . . . . . . . . . .  18

Moore v Arizona, 414 US 25, 94 S Ct 188,
      38 L Ed 2d 183 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . .  12, 13, 15

Northrop v Triplett, 265 F3d 372 (6th Cir, 2001) . . . . . . . . . . . . . . . . . .  20

Redd v Sowers, 809 F2d 1266 (6th Cir, 1987) . . . . . . . . . . . . . .  11, 12, 16

Strickland v Washington, 466 US 668, 104 S Ct 2052,
      80 L Ed 2d 814 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . .  5, 18, 20

Strunk v United States, 412 US 434, 93 S Ct 2260,
      37 L Ed 2d 56 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

United States v Marion, 404 US 307, 92 S Ct 455,
      30 L Ed 2d 468 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

United States v McDonald, 435 US 850, 98 S Ct 1547,
      56 L Ed 2d 18 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

United States v Schreme, 331 F3d 548 (6th Cir, 2003) . . . . . . . . . . .  12, 14

United States v Vassell, 970 F2d 1162 (1992) . . . . . . . . . . . . . . . . . . . . .  17

White v McAninch, 235 F3d 988 (6th Cir, 2000) . . . . . . . . . . . . . . . . . . .  19

Wiggins v Smith, ___ US ___, 123 S Ct 2527 (2003) . . . . . . . . . . . . . . . .  18

## STATE CASES

People v Bordash, 208 Mich App 622 (1983) . . . . . . . . . . . . . . . . . . . . . .  5

<u>**Page**</u>

## MICHIGAN COURT RULES

M.C.R. 600.916 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

# STATEMENT OF QUESTIONS INVOLVED

**I.    WAS PETITIONER MAPLES DENIED HIS RIGHT TO A SPEEDY TRIAL BY THE CLEAR TWO (2) YEAR DELAY?**

Petitioner answers "yes"
Respondent answers "no"


**II.   WAS PETITIONER MAPLES DENIED EFFECTIVE ASSISTANCE OF COUNSEL?**

Petitioner answers "yes"
Respondent answers "no"

# STATEMENT OF FACTS

## Procedural History

Petitioner, DAVID A. MAPLES, was convicted of Delivery of at least 50 Grams, but less than 225 Grams of Powder Containing Cocaine, MCL 333.7401(1) and (2)(a)(iii), MSA 14.15 (7401)(1) and (2)(a)(iii) after his guilty plea on September 22, 1995 in Macomb County Circuit Court, State of Michigan.[1]

On June 20, 1996, the Honorable Raymond R. Cashen, presiding, imposed a sentence of ten (10) to twenty (20) years in prison. Petitioner was represented by court-appointed counsel, Daniel Feinberg.

On his appeal to the Michigan Court of Appeals, appellate counsel raised two (2) claims:

    I.      WAS THE DECISION OF THE COURT CLEARLY ERRONE-OUS IN DENYING DEFENDANT'S MOTION TO DISMISS ON THE ISSUE OF ENTRAPMENT, REQUIRING A REVER-SAL OF DEFENDANT'S CONVICTION?

    II.     DID THE TRIAL COURT ERR IN NOT FINDING SUBSTAN-TIAL AND COMPELLING REASONS FOR DEPARTING BELOW THE MANDATORY MINIMUM SENTENCE, THEREBY REQUIRING RESENTENCING?

---

[1]The lower court file number is 93-002380-FH. The conspiracy charge was dismissed as part of the negotiated plea.

-1-

Petitioner filed a Pro Per Supplemental Brief raising three (3) additional claims:

I. WAS THE TRIAL COURT CLEARLY ERRONEOUS IN NOT RULING ON RECORD, MOTION OF 180 DAY SPEEDY TRIAL DID TRIAL COURT ABUSE ITS DISCRETION IN DENYING MOTION OF 180 SPEEDY TRIAL REQUIRING DISMISSAL WITH PREJUDICE?

II. DID PROSECUTOR JUDGE USE UNCONSTITUTIONAL DRUG STATUTE TO CHARGE SENTENCE DEFENDANT APPELLANT?

III. WHETHER AS A MATTER OF LAW ATTORNEY DANIEL P. FEINBERG ENGAGED IN THE UNAUTHORIZED PRAC-TICE OF LAW IN VIOLATION OF M.C.R. 600.916 MICH. CONST. 1963, ART. 6, SEC. 19 AND AGAINST PUBLIC POLICY DURING HIS REPRESENTATION OF MR. MA-PLES?

Petitioner was represented by court-appointed counsel, Arthur Landau.

On November 4, 1997, the Court of Appeals in an unpublished per curiam opinion affirmed (Docket No. 196975).

On September 28, 1998, the Michigan Supreme Court denied leave to appeal from a Pro Per Application for Leave to Appeal in a standard order (Docket No. 110944).

By way of a Pro Per Motion for Relief From Judgment in the trial court, Petitioner raised six (6) claims. On February 22, 1999, the successor judge, the Honorable Pat M. Donofrio, issued an opinion and order denying the motion.

On October 21, 1999, the Court of Appeals issued an order denying a Pro Per Application for Leave for failure to meet the burden of establishing entitlement to relief under MCR 6.508 (Docket No. 218838).

On December 17, 1999, the Michigan Supreme Court rejected a Delayed Application for Leave to Appeal because it was filed beyond 56 days, as required by court rule.

Petitioner filed his Pro Per Petition for Writ of Habeas Corpus in this Court setting forth seven (7) issues:

I.    WHETHER THE TRIAL COURT'S DENIAL OF PETITIONER'S ENTRAPMENT MOTION WAS CLEARLY ERRONEOUS.

II.   WHETHER THE TRIAL COURT ERRED IN DENYING PETITIONER'S SPEEDY TRIAL MOTION.

III.  WHETHER THE PROSECUTION AND JUDGE USED AN UNCONSTITUTIONAL STATUTE TO CHARGE AND SENTENCE PETITIONER.

IV.   WHETHER THE PASSAGE OF HOUSE BILL 4698 VIO-LATED THE "MORE THAN ONE OBJECT" PROHIBITION OF THE MICHIGAN CONSTITUTION.

V.   WHETHER PETITIONER'S TRIAL ATTORNEY ENGAGED IN THE UNAUTHORIZED PRACTICE OF LAW IN VIOLATION OF STATE LAW.

VI.   WHETHER THE COURT OF APPEALS ERRED IN CONCLUDING THAT A RETROACTIVE CHANGE IN THE LAW WAS NOT APPLICABLE TO PETITIONER AND THAT PETITIONER'S CLAIM WAS PROCEDURALLY BARRED.

VII.   WHETHER THE COURT OF APPEALS ERRED IN DETERMINING THAT PETITIONER'S ALLEGATION CONCERNING THE PLEA WAS NOT COGNIZABLE UNDER THE MISCARRIAGE OF JUSTICE EXCEPTION.

The State argued that the first five (5) claims presented state claims and the other two (2) claims were procedurally barred.

On October 12, 2001, this Court issued its Memorandum Opinion, Order and Judgment denying the Petition (Docket No. 00-CV-71718-DT). However, this Court granted a Certificate of Appealability on the issue of ineffective assistance of counsel.

On August 19, 2003, the Sixth Circuit Court of Appeals, in a published opinion, vacated the District Court's judgment and remanded the case "with directions that the court assess the merits of Maples' speedy-trial argument as part of his ineffective-assistance-of-counsel claim" (Docket No. 01-2727). In their opinion, the Court of Appeals stated:

-4-

> David Maples pled guilty in Michigan State Court to one count of
> distributing cocaine. He did so only after receiving assurances from
> his attorney that he would subsequently be able to appeal an alleged
> violation of his speedy trial rights. That advice turned out to be
> erroneous (Opinion, pg. 1).

The Court of Appeals rejected the State's procedural default claim. Regarding

the ineffective assistance claims, the Court found trial counsel's performance

deficient:

> Maples' trial counsel provided legal advice that as the Michigan
> Court of Appeals held, was patently erroneous. Contrary to his
> counsel's representation, Maples' guilty plea precluded him from
> appealing his speedy trial claim. Such advice certainly falls below an
> "objective standard of reasonableness" and cannot possibly be
> considered good strategy."[2]

On the prejudice requirement, the Court of Appeals held:

> Furthermore, Maples has stated that he would have insisted on
> proceeding to trial, rather than plead guilty, but for his counsel's
> erroneous advice. The state has not challenged Maples's assertion,
> thus removing this factor as a contested issue in this case. On the
> surface, at least, this satisfies the prejudice standard as articulated in
> Hill v Lockhart, 474 US 52, 59 (1985), which applied Strickland to
> instances where the defendant pleads guilty. The Court in Hill stated
> that in order to establish prejudice "the defendant must show that
> there is a reasonable probability that, but for counsel's errors, he
> would not have pleaded guilty and would have insisted on going to
> trial."

---

[2]An unconditional plea of guilty waives any claim of a denial of the right to
a speedy trial. People v Bordash, 208 Mich App 622, 626 (1983).

The Court then directed this Court to assess the underlying speedy trial claim under the prejudice prong of <u>Strickland</u>.[3]

## **Factual Background**

On August 4, 1993, Petitioner was arrested along with his Co-defendant, in the City of Roseville.

A Complaint and Warrant was issued on August 6, 1993.

The trial date of October 19, 1993 was adjourned at the request of the Co-defendant.

The trial date of December 9, 1993 was adjourned for the filing of motions and because the lower court transcript had not been prepared.

The trial date of January 11, 1994 was adjourned when counsel was unavailable until January 19, 1994.

The trial date of January 19, 1994 was adjourned at the request of the Co-defendant.

The trial date of February 4, 1994 was adjourned at the request of the Co-defendant to continue an entrapment hearing.

---

[3]<u>Strickland v Washington</u>, 466 US 668, 104 S Ct 2052, 80 L Ed 2d 814 (1984).

-6-

The trial date of February 23, 1994 was adjourned at the request of the Co-defendant to continue an entrapment hearing.

The trial date of February 24, 1994 was adjourned at the request of the Co-defendant to continue his entrapment hearing.

The trial date of February 25, 1994 was adjourned at the request of the Co-defendant to continue the entrapment hearing.

On April 18, 1994, Petitioner filed his Motion for Release on Personal Bond.

On April 29, 1994, Petitioner filed his Motion for Immediate Release.

On May 9, 1994, Petitioner was granted a personal bond and sent directly to St. Clair County for a probation violation and on May 23, 1994, he was sentenced to 2½ to 5 years in the Department of Corrections.

The trial date of June 6, 1994 was adjourned because Petitioner was not brought in from the Department of Corrections.

The trial date of July 29, 1994 was adjourned because Petitioner was not brought in from the Department of Corrections.

The November 18, 1994 trial date was adjourned at the request of the Co-defendant.

The December 7, 1994 trial date was adjourned at the request of the Co-defendant.

On January 3, 1995, Petitioner filed a Pro Per Motion to Dismiss or in the Alternative for an Evidentiary Hearing on the grounds that his constitutional right to a speedy trial and the statutory, 180-day rule was violated.

On April 28, 1995, trial was adjourned because the court was in trial in another matter.

The June 27, 1995 trial date was adjourned without a reason given.

On August 22, 1995, Petitioner filed his Motion to Dismiss for violation of the 180 day rule and speedy trial rights.

The August 29, 1995 trial date was adjourned because "plea negotiations failed."

On September 19, 1995, the Court denied the Motion to Dismiss.

Jury selection began on September 20, 1995. Prior to testimony, Petitioner entered his guilty plea.

# **ARGUMENT**

## I.   **PETITIONER MAPLES WAS DENIED HIS RIGHT TO A SPEEDY TRIAL BY THE OVER TWO (2) YEAR DELAY.**

On August 4, 1993, Petitioner was arrested on a narcotics charge and arraigned shortly thereafter. Over the next two (2) years, his trial was adjourned for various reasons, and only nine (9) days of the delay are attributable to Petitioner as his attorney was unavailable on a single occasion. During the delay, Petitioner made a Motion for Bond and Motion to Dismiss for violation of his constitutional right to a speedy trial. The delay prejudiced Petitioner's personal rights, his defense and allowed the State to obtain the testimony of the Co-defendant against him. Petitioner was entitled to a dismissal of his State charge. U.S. Const. Am VI, XIV.

## A.   **THE CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL.**

The Sixth Amendment guarantees a defendant's right to a speedy trial by providing that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy trial and public trial." U.S. Const. Am VI. That right applies to the States via the Fourteenth Amendment. Klopfer v North Carolina, 386 US 213, 87 S Ct 988, 18 L Ed 2d 1 (1967); Atkins v Michigan, 644 F2d 543 (6th Cir,

1981), <u>cert denied</u>, 452 US 964, 101 S Ct 3115, 69 L Ed 2d 975 (1981).  The

right to a speedy trial is described as so "fundamental" as to be "one of the most

basic rights preserved by our Constitution."  <u>Klopfer, supra</u>, 386 US at 226.  The

speedy trial right is designed to minimize pretrial incarceration, reduce impair-

ment of liberty imposed on the accused while on bail, and shorten the disposition

caused by the arrest and unresolved criminal charges.  <u>United States v McDonald</u>,

435 US 850, 98 S Ct 1547, 56 L Ed 2d 18 (1978).  In <u>Dickey v Florida</u>, 398 US

30, 42, 90 S Ct 1564, 76 L Ed 2d 26 (1970) Justice Brennan concurring,

described the purpose of the speedy trial right was "intended to spare an accused

those penalties and disabilities - incompatible with the presumption of innocence

- that may spring from delay in the criminal process."  The Court in <u>Dickey</u> also

recognized that societal  interests were also protected as delay could prejudice the

government's ability to obtain a conviction, <i>id</i>, 398 US at 43.  Once a court

determines that a defendant's right to a speedy trial has been violated, the only

possible remedy is dismissal with prejudice.  <u>Strunk v United States</u>, 412 US 434,

440, 93 S Ct 2260, 37 L Ed 2d 56 (1973).

  In <u>Barker v Wingo</u>, 407 US 514, 530, 92 S Ct 2182, 33 L Ed 2d 101

(1972), the Supreme Court articulated four (4) factors to be balanced in a speedy

trial claim.  The test balances: (1) the length of the delay; (2) the reason for the

delay; (3) whether and how the defendant asserted his speedy trial right; and (4) whether the defendant was prejudiced by the delay. In Dogget v United States, 505 US 647, 651, 112 S Ct 2686, 120 L Ed 2d 520 (1997), the Court reaffirmed application of these factors. The Court requires application of the balancing test on an ad hoc basis and allows the lower courts to consider factors other than those set forth in Barker, supra, 407 US at 530-33. No one factor is necessary or sufficient to finding a deprivation of the speedy trial right, but rather all the stated factors and other relevant factors must be considered together. Barker, supra, 407 US at 533.

The length of delay is a threshold requirement that triggers analysis of the other factors. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into other factors that go into balance." Barker, supra, 407 US at 530; Redd v Sowers, 809 F2d 1266, 1269 (6th Cir, 1987). The length of the delay is measured from the date of the indictment or the date of the arrest, whichever is earlier. United States v Marion, 404 US 307, 320, 92 S Ct 455, 30 L Ed 2d 468 (1971); Dillingham v United States, 423 US 64, 65, 96 S Ct 303, 46 L Ed 2d 205 (1975); Cain v Smith, 686 F2d 374, 381 (6th Cir, 1982). A delay approaching one year is presumptively prejudicial. Dogget, supra, at 652 n 1; United States v Schreme, 331 F3d 548, 553 (6th Cir, 2003).

The second criteria, the reason for delay, requires the court to assess "different weights . . . to different reasons."  Barker, supra, 407 US at 531.  In Redd, supra, the Sixth Circuit noted that under Supreme Court precedent, "the prosecutor and the Court" have an "affirmative constitutional obligation" to try the defendant in a timely manner, requiring "a diligent good faith effort, and that the prosecution bears the burden of explaining the cause for pretrial delay.  809 F2d at 1269, citing to Dickey v Florida, supra and Moore v Arizona, 414 US 25, 26, 94 S Ct 188, 38 L Ed 2d 183 (1973).  "Unexplained delay is weighed against the prosecution," id at 1269.  Of course, delays intended to gain trial advantage for the State weigh heavily against the prosecution.  Delays caused by negligence are charged to the State, but less heavily.  Barker, supra, 407 US at 531; Cain, supra, 686 F2d at 382.  Delay caused by overcrowded dockets are weighed against the State.  Barker, supra, 407 US at 531.  Clearly, "a defendant has no duty to bring himself to trial . . ."  Barker, supra, 407 US at 527.

The third factor requires an inquiry into whether the defendant asserted his speedy trial right.  "The defendant's assertion of his speedy trial right . . . is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right."  Barker, supra, 407 US at 531-32; Redd, supra, 809 F2d at 1270.  The Sixth Circuit recognizes a request for bail as the equivalent of

the request for a speedy trial. Redd, supra, 809 F2d at 1271; Cain supra, 686 F2d at 376.

The final factor requires the court to consider any prejudice to the defendant in light of the interest protected by the speedy trial guarantee. Barker, supra, 407 US at 530-32. The Barker court identified three such interests: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; (3) to limit the possibility that the defense would be impaired, *id.* An affirmative showing of prejudice is not required for a speedy trial violation. Barker, supra, 407 US at 532; Moore v Arizona, supra, 414 US at 26; Redd, supra, 809 F2d at 1272. The Barker court recognized the prejudice to one's defense is difficult to prove because as time passes, the erosion of exculpatory evidence and testimony "can rarely be shown." Barker, supra 407 US at 532; Dogget, supra, 505 US at 655. "[E]xcessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." Dogget, *id.* Discerning the prejudice prong, the Barker court noted that "[i]f a defendant is locked up, he is hindered in his ability to gather evidence, contact witnesses, or otherwise prepare his defense." 407 US at 533.

**B.   APPLICATION TO PETITIONER'S CASE.**

-13-

1.     **Length of Delay.**  Petitioner Maples was arrested on August 4, 1993.  The Complaint and Warrant were issued August 6, 1993.  The starting date for calculation of the speedy trial right is August 4, 1993.  Jury selection began on September 20, 1995.  After selection of the jury, Petitioner pled guilty on September 22, 1995.  Thus, the speedy trial period runs from August 4, 1993 until September 20, 1995, a period of twenty-five (25) months and sixteen (16) days.  Since the delay exceeds one (1) year, it is presumptively prejudicial and the Court should proceed to an analysis of the remaining factors.  Dogget, supra at 652 n 1; United States v Schreme, 331 F3d 548, 553 (6th Cir, 2003).

2.     **Reasons for the Delay.**  The record discloses that of the over twenty-five (25) month delay, only the period from January 11, 1994 until January 20, 1994, nine (9) days, is attributable to Petitioner as his attorney was unavailable for trial.  The remainder of the adjournments were at the request of the Co-defendant or because the State failed to bring Petitioner to court by way of writ once he was sentence to the Department of Corrections in another matter.  On at least one occasion (April 28, 1995 to June 27, 1995) the trial was adjourned because the court was in trial in another matter.  On June 27, 1995, the trial was adjourned without explanation.   The record fails to disclose

compliance with a "constitutional duty" to make a good faith and diligent effort to try Petitioner promptly. <u>Dickey, supra</u>; <u>Moore, supra</u>. It is important to note that although many of the adjournments are at the "request" of the Co-defendant, the delays allowed the State to secure the testimony of the Co-defendant against Petitioner (see Argument re: prejudice, <u>infra</u>). Although the State may not have sought the delay for purposes of gaining a tactical advantage against the Petitioner, they certainly exploited the delay by ultimately convincing the Co-defendant to become a State witness. In the end, the most significant factor is that Petitioner is not to blame for the extraordinary delay. <u>Dogget, supra</u>, 505 US at 651.

**3.     Assertion of the Right.** There are three (3) assertions of the speedy trial right by Petitioner. First, Petitioner's Pro Per pleadings sent to the Circuit Court and accepted for filing on January 3, 1995 to Dismiss or for an Evidentiary Hearing on grounds of a speedy trial violation (Appendix, Exhibit A). Secondly, Petitioner's bond motion filed on April 8, 1994 and granted on May 9, 1994, constitute the second demand. <u>Redd, supra</u>, 809 F2d at 1271; <u>Cain, supra</u>, 686 F2d at 376. Finally, Petitioner's attorney field a Motion to Dismiss for violation of the speedy trial right and 180-day rule on August 22, 1995. Thus,

-15-

the Court is to afford "strong evidentiary" weight to this factor, vis-a-vis the other appropriate factor to be considered.  <u>Barker, supra</u>, 407 US at 531-532.

**4.    Prejudice.**    Although an affirmative showing of prejudice is not required, Petitioner did suffer actual prejudice.  Regarding his defense, Larry Roberts was originally charged along with Petitioner.  However, his case was dismissed at the preliminary examination.  Mr. Roberts visited Petitioner while he was in jail and indicated he would testify on his behalf that he was not involved in the charge.  However, given the delays and continued incarceration, Petitioner was unable to contact and produce Roberts for trial.  When Petitioner, through counsel, made a demand to the prosecutor to produce Larry Roberts for trial, the police were unable to locate him and his whereabouts were unknown.  Mr. Robert's lawyer did not know of his whereabouts either.

Moreover, through the delays, the State was able to obtain the testimony of the Co-defendant, James Murphy.  Murphy pled guilty with an agreement not to testify for Petitioner just prior to trial.

In his statement, dated August 9, 1993, Murphy emphatically states neither Roberts or Petitioner were involved in a conspiracy or delivery of narcotics (Appendix, Exhibit B).  In his affidavit, dated April 30, 1997, Murphy explains Petitioner's innocence and his plea agreement with the State requiring him to

refrain from testifying on Petitioner's behalf (Appendix, Exhibit C).  As noted in United States v Vassell, 970 F2d 1162, 1165 (1992), "one of the government's most effective ways to "collect" witnesses against an accused is to offer an accomplice a guilty plea to a lesser charge, in exchange for his testimony against the accused" and that extreme prejudice flows to the co-defendant who is not offered a plea or who rejects the plea offer.

Additionally, Petitioner lost his construction job given the delay, and suffered the personal prejudice (anxiety, oppressive incarceration) as identified by the Supreme Court.

Finally, Petitioner has clearly stated that had he been properly advised, he would have proceeded to trial (Appendix, Exhibit D).[4]

## C.   UNREASONABLE APPLICATION OF SU-PREME COURT PRECEDENT.

The totality of the trial court's ruling is as follows:

THE COURT: We discussed it in chambers.  Let the record show -- we don't need further argument.  Let the record show we are in the process of selecting a jury since early morning and from the discussions we have had the defendant's rights have been well protected.

---

[4]The Court of Appeals found that Petitioner's decision to proceed to trial instead of plea, but for counsel's erroneous advice is not a contested issue (Opinion, pg. 6).

Get the jury and let's finish our jury selection and put this matter to rest. (Tr. 9-20-95, pg. 6-7).

Since the merits of the claims were never addressed by the state courts, in a reasoned opinion, the federal court may exercise its independent judgment and deference to the state court findings are inapplicable. <u>Wiggins v Smith</u>, ___ US ___, 123 S Ct 2527, 2538-539 (2003) (since no state court analyzed petitioner's claim of prejudice under <u>Strickland</u>, "review [w]as not circumvented by state court conclusion" and federal court need not assess whether the state court ruling resulted in a decision contrary to, or involves an unreasonable application of Supreme Court precedent, but rather reviews the matter <u>de novo</u>). <u>McKenzie v Smith</u>, 326 F3d 721,727 (6th Cir, 2003); <u>White v McAninch</u>, 235 F3d 988, 995 (6th Cir, 2000).

## II.  PETITIONER MAPLES WAS DENIED EFFEC-TIVE ASSISTANCE OF COUNSEL.

### A.  LEGAL STANDARD FOR AN INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.

It is well-settled that the right of a state criminal defendant to the effective assistance of counsel for his defense at trial is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.[5] Evitts v Lucy, 469 US 387, 396, 105 S Ct 1783, 84 L Ed 2d 814 (1985); Strickland v Washington, 466 US 668, 104 S Ct 2052, 80 L Ed 2d 674 (1984); Northrop v Triplett, 265 F3d 372 (6th Cir, 2001); Groseclose v Bell, 130 F3d 1161, 1167 (6th Cir, 1997); Blackburn v Foltz, 828 F2d 1177, 1180 (6th Cir, 1987), cert denied, 485 US 970, 105 S Ct 1247, 99 L Ed2d 45 (1988).

The federal standard of review for an ineffective assistance of counsel claim is twofold, deficient performance and prejudice, as announced in Strickland v Washington, supra, 466 US at 687.

> First, the defendant must show that counsel's performance was deficient.  This requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced that defense.  This requires a

---

[5]The Sixth Amendment provides in relevant part, "[I]n all criminal prose-cution's, the accused shall enjoy the right . . . to have the assistance of counsel for his defense."

showing that counsel's errors were so serious as to deprive the
defendant of a fair trial, a trial whose result is reliable.

The two-part requirement of <u>Strickland</u>, deficient performance and prejudice,
requires Petitioner to demonstrate that his attorney's performance, "fell below an
objective standard of reasonableness" and "that there is a reasonable probability
that . . . the result of the proceedings would have been different," but for his
attorney's errors. 466 US at 688, 694. "A reasonable probability is a probability
sufficient to undermine confidence in the outcome," *Id.* at 694. Recently, the
Sixth Circuit in <u>Matthews v Abramjtys</u>, 319 F3d 780, 790 (6th Cir, 2003) defined
the term "reasonable probability." Noting that "the evidence was not over-
whelming, so that there is a reasonable probability of a different outcome with
effective counsel." this Court added:

> Of course, a "reasonable probability" does not mean a certainty, or
> even a preponderant likelihood, *id* at 694, 104 S Ct 2052, of a
> different outcome, nor, even more, that no rational juror could
> constitutionally find Matthews guilty," 319 F3d at 790.

## B. DEFICIENT PERFORMANCE.

As noted, the Court of Appeals has determined that the attorney's
erroneous advice regarding the guilty plea fell below an objective standard of
reasonableness and cannot be considered sound strategy (Opinion, pg. 6). As
such, the first prong has been established.

-20-

## C.   PREJUDICE.

The standard to be applied here is not simply whether the speedy trial claim would result in a dismissal.  Rather the test is whether there is a reasonable probability, not a certainty, or a preponderant likelihood, that Petitioner would prevail on his speedy trial claim.  An assessment of Petitioner's speedy trial right shows that there is a reasonable probability, based on the merits of his underlying speedy trial claim, that the outcome of the case would have been different.

This Court should conclude that Petitioner was denied his right to effective assistance of counsel and grant habeas relief.

# RELIEF REQUESTED

**WHEREFORE**, for the foregoing reasons, Petitioner requests this Honorable Court to grant a writ of habeas corpus, or minimally grant an evidentiary hearing.

Respectfully submitted,

**CRAIG A. DALY, P.C. (P27539)**
Attorney for Petitioner
577 E. Larned, Suite 240
Detroit, Michigan 48226
(313) 963-1455

Dated: December 4, 2003

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**DAVID MAPLES,**

    Petitioner,

                                    File No. 00-71718

-vs-

                                      Hon. Victoria Roberts

**JIMMY STEGALL, Warden**

    Respondent.

_____

# **APPENDIX**

**CRAIG A. DALY, P.C. (P27539)**
Attorney for Petitioner
577 E. Larned, Suite 240
Detroit, Michigan 48226
(313) 963-1455

# TABLE OF CONTENTS

**Page**

EXHIBIT A     Petitioner's Pro Per Motion to Dismiss or in the Alternative for an Evidentiary Hearing . . . . . . . . . . . . . . .  1

EXHIBIT B     Statement of James Murphy, dated August 9, 1993 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

EXHIBIT C     Affidavit of James Michael Murphy, dated April 30, 1997 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

EXHIBIT D     Affidavit of David Andrew Maples, dated December 18, 1998 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*STATE OF MICHIGAN*
*IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB*

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff,

      -vs-

DAVID ANDREW MAPLES,

      Defendant_____/

Defendant acting in pro-se
MDOC No. 237382
Macomb County Correctional Facility
34625 Twenty-Six Mile Rd
New Haven  Michigan 48048-0999

HON: RAYMOND R. CASHEN

File No. 03-2330-FH

## NOTICE OF HEARING

TO: Macomb County Prosecutor's Office
    40 N. Gratiot Ave
    Mt. Clemens Michigan 48043

      PLEASE TAKE NOTICE that Defendant in the above entitle cause will move the Court on his Motion to Dismiss or in the Alternative for Evidentiary Hearing on the 2 day of _____ 1995 on as soon there.

Dated: 12  23  1994

                                   _____
                                   Mr. David Andrew Maples

**EXHIBIT**

2

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff,

    -vs-

                             HON: RAYMOND R. CASHEN

DAVID ANDREW MAPLES,              File No. 93-2380-FH

    Defendant           /

## ORDER OF JUDGMENT

At a session of said Court held in the
City of Mt. Clemens, County of Macomb,
State of Michigan on this   2  day of
Jan  , 1995.

PRESENT: _____, Circuit Court Judge Presiding.

Upon reading and filing the Defendant's Motion to Dismiss or for Evidentiary Hearing and the Court having heard oral arguments in open court with both parties being present and the court being fully advised in the premises;

IT IS HEREBY ORDERED AND ADJUDGED that the Defendant's Motion to Dismiss pursuant to the authority of the [Speedy Trial Act] MCLA 780.131; MSA 28.969(3); and Michigan's Court rules MCR 6.004(D)(1) is hereby **granted** for the prosecution's failure to make a good-faith effort to bring the Defendant to trial within 180-days of his arrest and confinement as mandated by statute. IT IS SO ORDERED.

Date:

                                      Macomb County Circuit Court Judge

PRAECIPE FOR MOTION AND MISCELLANEOUS DOCKET                    MC 306

*PEOPLE OF THE STATE OF MICHIGAN*

_____
                                    Plaintiff
            vs.

*DAVID ANDREW MAPLES*

   *Acting in pro-se\**
_____
                                    Defendant

**TO THE CLERK:**

Please place the above entitled case on Miscellaneous

Docket for:

Monday __oct 2__ 19_95_ at _9:00_  A.M.
                                          P.M.

Other attorneys of record

*Defendant acting in pro-se\**
_____

I hereby certify that I have made personal contact with
_____ on
_____ requesting concurrence
in the relief sought in this motion and that concurrence
has been denied; or that I have made reasonable and
diligent attempts to contact counsel requesting con-
currence without success. MCR 2.119

Signed _____
       _____
                          Attorney for Defendant

Attorney's Phone No. _____

---

**STATE OF MICHIGAN**

The Circuit Court for the County of Macomb

No. _93-2380-FH_

Nature of motion:

*To Dismiss/Evidentiary Hearing*

NOTE LOCAL COURT RULES: All necessary par
should be filed on or before 4:30 p.m. on the tenth
preceding motion day. All blanks on this praecipe
be filled out before it will be accepted for filing
motions are to be set for 9:00 a.m. unless other
directed by the Judge to whom the case is assig
(Judges Bruff, Bucci, Chrzanowski, Montgomery
Steeh motions will be heard at 8:30 a.m.)

To be referred to Judge  *CASHEN*
_____

| Date | Disposition | Initials |
|------|-------------|----------|
|      |             |          |
|      |             |          |
|      |             |          |

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address

2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Macomb County
Circuit Ct
40 N. Gratiot Ave
Mt Clemens   Mi

| 4a. Article Number |
|---|
| Z 414 674 714 |

4b. Service Type
- ☐ Registered
- ☒ Certified
- ☐ Express Mail
- ☐ Insured
- ☐ COD
- ☐ Return Receipt for Merchandise

7. Date of Delivery
1-3-95

5. Signature (Addressee)

6. Signature (Agent)
[signature]

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1991    ☆U.S. GPO: 1993—352-714    **DOMESTIC RETURN RECEIPT**

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

4

MACOMB COUNTY REGIONAL FACILITY
Mr. David Andrew Maples #- 237382
34625 Twenty-six Mile Rd.
New Haven  Michigan 48048-0999

Macomb County Circuit Court
40 N. Gratiot Ave
Mt. Clemens Michigan 48043

RE: People -vs- David Andrew Maples
File No. 93-2330-FY

Dear Clerk:


Please find enclosed for filing in the above entitled cause (1) one original and (2) two copies
of Defendant's Motion to Dismiss. Brief in Support. Notice of Hearing. Proof of Service. and Motion
Praecipe.
Please file the same in a normal manner and provide the Prosecutor's Office with the same.
Thank you in advance for your time and anticipated cooperation in the above matter.


Respectfully submitted
Mr. David Andrew Maples

cc: Counsel for Defendant

5

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

PEOPLE OF THE STATE OF MICHIGAN.

    Plaintiff.

    -vs-

DAVID ANDREW MAPLES.

    _____Defendant_____/
Defendant acting in pro-se
MDOC No. 237382
Macomb County Correctional Facility
34625 Twenty-Six Mile Rd
New Haven  Michigan 48048-0999

HON: RAYMOND R. CASHEN

File No. 93-2380-FH

MOTION TO DISMISS OR IN THE ALTERNATIVE FOR EVIDENTIARY HEARING

BRIEF IN SUPPORT OF MOTION TO DISMISS

NOTICE OF HEARING

PROOF OF SERVICE

ORAL ARGUMENTS REQUESTED

*STATE OF MICHIGAN*
*IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB*

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff,

        -vs-

DAVID ANDREW MAPLES,

      Defendant_____/

HON: RAYMOND R. CASHEN

File No. 93-2380-FH

Defendant acting in pro-se
MDOC No. 237382
Macomb County Correctional Facility
34625 Twenty-Six Mile Rd
New Haven  Michigan 48048-0999

### MOTION TO DISMISS OR IN THE ALTERNATIVE FOR EVIDENTIARY HEARING

    NOW COMES Defendant in the above entitled cause DAVID ANDREW MAPLES acting in pro-se and pursuant to the authority of MCLA 780.131; MSA 28.969(3); MCR 6.004(D)(1); Michigan Const 1963. Art 1 § 20 and the (6) Sixth and (14) Fourteenth Amendment of the United States Constitution and moves this Court to dismiss all pending charges in the above-entitled cause as a violation of the Defendant's secured/guaranteed rights to a [Speedy Trial] and Michigan's 180-day rule and says the following to wit:

### STATEMENT OF FACTS

1.    Defendant [Maples] was arrested along with a co-defendant [Mr. Murphy] on August 5th 1993 at a bar located in the City of Roseville and charged in that information with Delivery of a Controlled Substance [Cocaine] [50-225 grams] and Conspiracy to Deliver Cocaine MCLA 333.7401(2)(a)(iii) and MCLA 750.157(a) in the Macomb County Circuit Court.

(I)

7

2.    Defendant was held in the Macomb County Jail [277-days] until 05/09/94 when Circuit Court Judge Cashen reduced his bond to $2.500 PR. Defendant argues that "*BOND*" has been held to constitute custody in the leading case of Jones - vs- *Cunningham* 83 S Ct. 373 (1963).   -

3.    Upon the Defendant's release from the Macomb County Jail he was immediately transported to St. Clair County where he was arraigned on a bench warrant issued on 05/10/94 before the Honorable; James T. Corden on a charge of probation violation. File No. 92/1350-FC. for the offense of R&C Stolen Prop over $100; MCLA 750.535A.

4.    On 05/10/94 the Defendant entered a plea of guilty as charged to a violation of probation and sentencing was scheduled for 05/23/94.

5.    That on 05/23/94 Defendant was sentenced before the Honorable; James T. Corden to a minimum of (2) Two years (6) six months and a maximum of (5) Five years with credit for [93-Days] time served in the care, custody and control of the Michigan Department of Corrections and is presently serving that sentence at the Macomb County Regional Facility located at 34625 Twenty-Six Mile Rd,.New Haven Michigan 48048-0999.   See [Exhibit No 1 attached].   Thus triggering the running of the 180-day rule.

6.    That on November 23rd, 1994, the Records office supervisor of the Macomb County Regional Facility; [Cnolia Redmond] sent notice   the Macomb Co... Prosecutor's Office verifying the Defendant's incarceration/place of confindment. and the Defendant's earliest parole eligibility date. and the minimum and maximum sentence to be served as required by statute. see. [Exhibit No. 2 attached]; *People* -vs- *Taylor* 199 Mich App 549 (1993).

(II)

8

7.    Defendant argues that the prosecutor's office in the instant case has failed to make a good-faith attempt to bring this case to trial within 180-day of the Defendant's arrest and arraignment in the Circuit Court as contemplated by statute depriving this court of subject jurisdiction warranting dismissal of all pending charges with prejudice. MCLA 780.131; MSA 28.930(1).

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

### CRIMINAL DIVISION

PEOPLE OF THE STATE OF MICHIGAN,

     Plaintiff,

-vs-

KEVIN SYKES,

     Defendant.

File No. 02-003223

Hon. Patricia Fresard

---

## STIPULATION AND ORDER FOR
## SUBSTITUTION OF APPELLATE COUNSEL

At a session of said court, held
in the courthouse in the City of
Detroit, Wayne County, Michigan

on _____

PRESENT: HON._____

**IT IS HEREBY STIPULATED** that CRAIG A. DALY, P.C., shall substitute

as appellate counsel for the SAUN-ROLAND SCOTT in the above entitled matter.

| | |
|---|---|
| **SAUN-ROLAND SCOTT (P57168)** | **CRAIG A. DALY, P.C. (P27539)** |
| 1001 E. Jefferson, Suite 109 | Retained Counsel for Defendant |
| Detroit, Michigan 48226 | 577 E. Larned, Suite 240 |
| (313) 567-8738 | Detroit, Michigan 48226 |
| | (313) 963-1455 |

**IT IS SO ORDERED:**

_____
**HONORABLE PATRICIA FRESARD**

## CONCLUSION AND RELIEF SOUGHT

WHEREFORE Defendant DAVID ANDREW MAPLES moves this Court to dismiss all pending charges against him with prejudice for the prosecutor's failure to bring the case to trial within 180-days of his arrest and arraignment in the Macomb County Circuit Court pursuant to the authority of MCLA 780. 131; MSA 28. 969(3); Art 1 § 20 of the Michigan Const 1963; MCR 6.004(D)(1); and the Fourteenth Amendment of the United States Constitution. or in the alternative to hold an Evidentiary Hearing in open court with counsel present to enable the prosecutor to make a showing of his good-faith effort to bring the case to trial within the 180-day.

Respectfully

David Andrew Maples
Acting in pro-se

Subscribed and sworn to before me
this 23 day of Dec    1994

Notary public signature; ()

County of;

My commission expires:

JOHN M. TAYLOR
Notary Public, Branch County, MI
My Commission Expires Nov. 25, 1996

8

10



MICHIGAN DEPARTMENT OF CORRECTIONS
**PRESENTENCE INVESTIGATION REPORT**

CFJ-145 1/90
4835-6145

Honorable _James E. Corden_ Count, St. Clair Sentence Date 5-23-94

Docket 92-1850 Attorney Pro per Appt. _____ Retained _____

Defendent David Andrew Maples Age 25 D.O.B. 8-1-68

## CURRENT CONVICTION(S)

| Final Charge(s) | | Max. | Jail Credit | Bond | Proposal 8 |
|---|---|---|---|---|---|
| 1. R&C Over $100 | 750.535A | 5 yrs | 637 days | $10,000 | no |
| 2. PROBATION VIOLATION | | | days | CS | |
| 3. | | | days | | |

Convicted by: Plea X Jury ____ Judge ____ Plea Under Advisement ____ Nolo Contendere ____ HYTA: Yes ____ No ____

Conviction Date 5-10-94 Plea Agreement _____

Pending Charges: Del. CS Coc. 50-224 Grams Where Macomb County
Consp. to Del. Cocaine

## PRIOR RECORD

Convictions: Felonies 3 Misdemeanors 7 Juvenile Record: Yes X No ____
Probation: Active yes Former yes Pending Violation no
Parole: Active no Former no Pending Violation _____
Current Michigan Prisoner: Yes ____ No X Number _____
Currently Under Sentence. Offense R&C Over $100 Sentence 3 yrs. probation
Bootcamp

## PERSONAL HISTORY

Education 9th grade/GED Employed no Where none
Psychiatric History: Yes ____ No X Physical Handicaps: Yes ____ No X Marital Status single
Substance Abuse History: Yes X No ____ What cocaine, marijuana, alcohol How Long 6-10 y

## RECOMMENDATION

It is respectfully recommended that the defendant, David Andrew Maples,
be sentenced to the custody of the Michigan Department of Corrections
for a minimum term of 30 months to a maximum term of 60 months.
He shall be given credit for 637 days previously served, which includes:
7-7-92 to 10-7-92 (93 days), 10-7-92 to 1-4-93 (90 days - Bootcamp),
1-4-93 to 2-13-93 (41 days-Huron House), 3-4-93 to 4-22-93 (48 days),
4-27-93 to 7-18-93 (73 days-Huron House), 8-5-93 to 5-9-94 (278 days-
Macomb County Jail), 5-9-94 to 5-23-94 (14 days). He shall also be
assessed a one-time Victims Rights Fee of $30 and restitution to
George Houis in the amount of $230.

ESTIMATED COST OF SENTENCING: $60,754

Valerie Meade 985-2020 2236 5-19-94

State of Michigan



John Engler, *Governor*

# Department of Corrections

Grandview Plaza
P. O. Box 30003
Lansing, Michigan 48909
**Kenneth L. McGinnis,** *Director*

Macomb Regional F
34625 26 Mile Road
New Haven, Michig

November 23, 1994

RE:   <u>VERIFICATION OF INCARCERATION</u>

**TO WHOM IT MAY CONCERN:**

<u>David Andrew Maples</u>            is currently incarcerated at the
MACOMB REGIONAL CORRECTIONAL FACILITY and is serving the
following sentence(s):

      01   REC STOLEN PROP      02y 06 m    − 05y

His incarceration date was: <u>05-25-94</u>.
His earliest parole eligibility date is: <u>10-01-94</u>.

If you have any questions or require further information,
please contact me at (313) 749-4900, extension 106.

Sincerely,

Cnolia Redmond / EG

Cnolia Redmond,
Record Office Supervisor
Macomb Regional Correctional Facility

CR/dq

cc:  file

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

PEOPLE OF THE STATE OF MICHIGAN.

     Plaintiff.

     -vs-

DAVID ANDREW MAPLES.

     Defendant           /
Defendant acting in pro-se
MDOC No. 237332
Macomb County Correctional Facility
34625 Twenty-Six Mile Rd
New Haven Michigan 48048-0999

HON: RAYMOND R. CASHEN

File No. 93-2380-FH

BRIEF IN SUPPORT OF MOTION TO DISMISS

PROOF OF SERVICE

## STATEMENT OF FACTS

That on August 5th, 1994, Defendant was arrested at a bar located in the City of Roseville and was charged in that information with Delivery of a Controled Substance [Cocaine] [50-225 grams] and Conspiracy to Deliver Cocaine. MCLA 333.7401(2)(a)(iii) and MCLA 750.157(a) in the Macomb County Circuit Court.

Defendant was held in the Macomb County Jail a total of [277-Days] until 05/09/94 when the Circuit Court Judge; Cashen reduced his bond to $2,500 PR. Upon release from the Macomb County Jail he was immediately transported to St. Clair County where he was arraigned on a bench warrant issued on 05/10/94 before the Honorable; James T. Corden on a charge of probation violation. File No. 92-1850-FC for a prior offense of R&C Stolen Prop over $100.; contrary to MCLA 750.535A. That on 05/10/94 the Defendant entered a plea of guilty as charged to a probation violation and sentencing was scheduled for 05/23/94. That on 05/23/94 the Defendant was sentenced before the Honorable; James T. Corden to a minimum term of (2) Two years (6) Six Months and a maximum of (5) Five years in the care custody and control of the Michigan Department of Corrections and is presently serving that sentence at the Macomb County Regional Facility in New Haven Michigan. That on November 23rd, 1994, the Records Office supervisor at that facility [Cnolia Redmand] sent notice to the Macomb County Prosecutor's Office verifying the Defendant's incarceration/place of confindment/his earliest parole eligibility date/ and the minimum and maximum sentence to be served pursuant to statute.

15

<u>QUESTION PRESENTED</u>

"..DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT AS PROVIDED BY THE SIXTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONST. AND ART 1 § 20 OF THE MICHIGAN CONST 1963 AND PURSUANT TO MCLA 780.131; MSA 28.969(3) WHERE THE PROSECUTOR FAILED TO BRING THE DEFENDANT A STATE PRISON INMATE TO TRIAL ON ANY OUTSTANDING WARRANTS. INDICTMENTS OR COMPLAINTS AS CONTEMPLATED BY THE 180-DAY RULE AND THE MICHIGAN COURT RULES MCR 6.004(D)(1) REQUIRING DISMISSAL WITH PREJUDICE.."

16

## *INDEX OF AUTHORITY*

People -vs- Hill 402 Mich 272 (1978)............................................ 1

People -vs- Hendershot 357 Mich 300 (1959)..................................... 2

People -vs- Castelli 370 Mich 147 (1963)....................................... 2

People -vs- Wolak 153 Mich App 60-66 (1986).................................... 2

People -vs- Asher 32 Mich App 380 (1971) lv app den 385 Mich 764 (1971)......... 2

People -vs- Forrest 72 Mich App 266-273 (1976)................................. 3

People -vs- Wolak 153 Mich App 60-66 (1986)................................... 3

People -vs- Love 132 Mich App 423 (1983)...................................... 3

People -vs- Hall 391 Mich 175 (1974) ......................................... 4

People -vs- Grimmett 388 Mich 590 (1972)...................................... 4

People -vs- Denllyl 320 Mich 477 (1948) ...................................... 4

Barker -vs- Wingo 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972) ............. 4

People -vs- Nuss 75 Mich App 346 (1977); aff'd 405 Mich 437, 452-453 (1979)....... 4

People -vs- Wyngaard 151 Mich App 107-111 (1986) ............................. 4

People -vs- Davis 129 Mich App 622-626 (1983) ................................ 4

Ross -vs- United States 349 F2d 210 (D.C. Cir. 1965) ......................... 5

People -vs- Hernandez 15 Mich App 141 (1968) ................................. 5

People -vs- Garcia 398 Mich 250 (1976)........................................ 5

MICHIGAN CONSTITUTION 1963.
Art 1 § 17-20

UNITED STATE CONSTITUTION
Sixth Amendment
Fourteenth Amendment

MICHIGAN COURT RULES
MCR 6.004(D)(1)

MICHIGAN STATE STATUTES
MCLA 780.131; MSA 28.969(1)-(3)

17

"..*DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT AS PROVIDED BY THE SIXTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONST. AND ART 1 § 20 OF THE MICHIGAN CONST 1963 AND PURSUANT TO MCLA 780.131; MSA 28.969(3) WHERE THE PROSECUTOR FAILED TO BRING THE DEFENDANT A STATE PRISON INMATE TO TRIAL ON ANY OUTSTANDING WARRANTS. INDICTMENTS OR COMPLAINTS AS CONTEMPLATED BY THE 180-DAY RULE AND THE MICHIGAN COURT RULES MCR 6.004(D)(1) REQUIRING DISMISSAL WITH PREJUDICE..*"*

Defendant contends to this Court that all pending charges against him must be dismissed as a violation of Michigan's 180-day rule MCLA 780.131; MSA 28.969(3); Art 1. § 20 of the Michigan Constitution 1963; MCR 6.004(D)(1); and the Fourteenth Amendment of the United States Constitution as the prosecutor has failed to make a good-faith effort to bring him to trial on any outstanding warrants. indictment. information or complaints filed against him within the required 180-days of his arrest and conviction in the City of St. Clair County on 05/23/94. which has deprived this Court of jurisdiction. That the prosecutor knew. or should have known of the pending charges against the Defendant at the time of his arrest. and subsequent arraignment in the Macomb County Circuit Court on August 5th. 1993. To prevent circumventing the statute by withholding notice. the Supreme Court in _People_ -vs- _Hill_ 402 Mich 272 (1978) held that the 180-day time period commences with the coincidence of either condition (A) or (B) and condition (C):

(A) A warrant. indictment complaint is issued against a person incarcerated in a state prison or under detention in a local jail awaiting transfer to a state prison; or
(B) The incarceration of a defendant in a state prison or the dentention of such a defendant in a

local jail to await transfer to a prison when there is an untried warrant, indictment information or complaint pending against the defendant; and

(C) The prosecutor knows or should know that the defendant is so incarcerated when the warrant, indictment, information or complaint is issued or the Department of Corrections knows or should know that a warrant, indictment, or complaint is pending against someone sentenced to their custody.

Trial need not be concluded within 180-days so long as the prosecutor and the court system have taken "good faith action" "well within" that time and proceed "promptly and with dispatch thereafter toward readying the case for trial." People -vs- Hendershot 357 Mich 300 (1959); People -vs- Castelli 370 Mich 147 (1963); and People -vs- Walak 153 Mich App 60-66 (1986) meaning:

(a) If no action is taken and no trial occurs within 180-days, the State loses jurisdiction to proceed, and the defendant is entitled to a dismissal with prejudices; or

(b) If some preliminary step or action is taken, followed by inexcusable delay beyond the 180-day period and an evident intent not to bring the case to trial promptly, the trial court may find the absence of good-faith commencement and order dismissal; or

(c) If apparent good-faith action is taken well within the period and the people proceed promptly and with dispatch thereafter, trial may proceed. For examples of adequate action see People -vs- Asher 32 Mich App 380 (1971) lv app den 385 Mich 764 (1971).

[2]

19

The burden is on the prosecution to prove that delay beyond 180-days does not violate the good faith standard discussed above. If the Defendant has not contributed to the delay, a period of unexplained inaction in excess of 180 days is a prie se violation of the statute, unless the prosecution shows exceptional and unavoidable circumstances. People -vs- Forrest 72 Mich App 266-273 (1976); People -vs- Walak 153 Mich App 60-66 (1986).

In People -vs- Love 132 Mich App 423 (1983) the Court held that a period of inaction, not contributed to by the defendant and otherwise unexplained, in excess of 180-days in the prosecution of a charge pending against a prison inmate is per-se a violation of statute, unless the prosecution makes an affirmative showing of excetional and unavoidable circumstances which hamper the normally efficient functioning of the trial court MCLA 780.131; MSA 28.969(11). The fact that a court docket was crowded, without more, is not sufficient to prevent operation of the statute which requires a pending charge against a prison inmate to be tried within 180-days. MCLA 780.131; MSA 28.969(1).

Defendant argues that he cannot be held for contributing to the delays where he has been incarcerated within the Michigan Department of Corrections at the Macomb County Regional Facility located in New Haven Michigan on a prior conviction on 05/23/94 for Probation violation in St. Clair County Circuit Court.

Thus triggering the running of the 180-day rule. That any and all delays in proceeding to trial in the instant cause must be held attributable to both the prosecution and the trial court. The fact that Defendant was arrested with a co-defendant in this case and the co-defendant has contributed to the delays in bringing the case to trial promptly should not be held against this Defendant where he has been ready, willing and able to proceed to trial on the outstanding charges. moreover, Defendant has been prejudiced by the delays in the loss of witnesses endorsed in the information.. their lack of memory of the events that

[3]

took place.    The Statute is clear "The purpose of the statute was intended to give inmates who had pending offenses not yet tried an opportunity to have the sentence run cocurrently consistent with the principle of law disfavoring accumulations of sentences.  Defendant finds no ambiguity in the 180-day rule statute that would permit the prosecution to circumvent the statute by claiming that one Defendant is incarcerated while the other is free in the community on bond pending trial...and that any delays in bring the case to trial are attributed to that defendant and shift the responsibility. this was not the Legislature intent in the enactment of the statute.  The statute was enacted to protect the rights of the incarcerated defendant...not that of the co-defendant whom is not incarcerated or prejudiced by the delays while free in the community. given him the unfair advantage of locating additional witnesses; experts in the field that may be called to give testimony and to seek the additional counseling or advice.  Until 18 Months have elapsed without a trial. the burden is on the defendant to show prejudice. e.g.  The loss of evidence or a witness People -vs- Hall 391. Mich 175 (1974). once 18 months have elapsed. the burden shifts to the prosecution to demonstrate that the defendant has not been prejudiced by the delay People -vs- Grimmett 388 Mich 590 (1972);People -vs- Denllyl 320 Mich 477 (1948).  Defendant also relys on the Speedy trial guarantee found in the Sixth Amendment to the United States Constitution and in Art 1 § 20 of the Michigan Const.  The Michigan Supreme Court adopted the flexible standard promulgated in Barker -vs- Wingo 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972) which involves four considerations: (1) The length of delay (2) Reason for delay  (3) Prejudice to defendant resulting from delay.        The remedy for impermissible delays is a dismissal. People -vs- Nuss 75 Mich App 346 (1977). aff'd 405 Mich 437. 452-453 (1979); People -vs- Wyngaard 151 Mich App 107-111 (1986); People -vs- Davis 129 Mich App 622-626 (1983).    The loss

[4]

of memory was the controling factor in _Ross_ -vs- _United States_ 349 F2d 210 (D.C. Cir. 1965). the case upon which _People_ -vs- _Hernandez_ 15 Mich App 141 (1968) was based.  In _Hernandez supra_ a 42-day delay in arresting defendant after his alleged drug sale resulted in dismissal because of prejudice.

Defendant further argues that he has been denied his Sixth Amendment rights to effective assistance counsel where counsel failed to protect the Defendant's liberty interest.  The Court in _People_ -vs- _Garcia_ 398 Mich 250 (1976) held that defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interests..undeflected by conflicting considerations.  Where Counsel failed to file a Speedy Trial Demand and or move the trial court for dismissal as a violation of the 180-day rule as contemplated by statute. MCLA 780.131; MSA 28.969(3) supports the Defendant's contentions that he has infact been denied effective assistance of counsel by any standards used by the court's.

These delays in this instant cause has been approximately (14) Fourteen Months from the Defendant's arrest and arraignment in the Macomb County Circuit Court. and in excess of 130-days from the Defendant's May 23' 1994 conviction in the St. Clair County Circuit Court on his probation violation.  Defendant argues that the pending charges against him have been so prejudicial as to cause him to be ineligible for lesser security classification..to various rehabilitative programs..community placement...to greater restrictions than other inmates and can be prejudicial in any parole release decision.

[5]

## CONCLUSION AND RELIEF SOUGHT

WHEREFORE Defendant DAVID ANDREW MAPLES moves this Court to dismiss all pending charges against him with prejudice for the prosecutor's failure to bring the case to trial within 180-days of his arrest and arraignment in the Macomb County Circuit Court pursuant to the authority of MCLA 780. 131; MSA 28. 969(3); Art 1 § 20 of the Michigan Const 1963; MCR 6.004(D)(1); and the Fourteenth Amendment of the United States Constitution. or in the alternative to hold an Evidentiary Hearing in open court with counsel present to enable the prosecutor to make a showing of his good-faith effort to bring the case to trial within the 180-day.

Respectfully

David A Maples

David Andrew Maples
Acting in pro-se

Subscribed and sworn to before me
this 23 day of Dec 1994

John M Taylor
Notary public signature;

Branch
County of;

11 - 25 - 96
My commission expires;

JOHN M. TAYLOR
Notary Public, Branch County, MI
My Commission Expires Nov. 25, 1996

23

## PROOF OF SERVICE

Defendant being first duly sworn depose and says that on the 23 day of DEC. , 1994, he has served a true and correct copy of Defendant's Motion to Dismiss or in the Alternative for Evidentiary Hearing, Brief in Support, Notice of Hearing, and Perposed Order upon the Macomb County Prosecutor's Office by placing the same in a fully sealed envelope bearing pre-paid postage and depositing the same in the United States Mail depository located in the Macomb County Regional Facility clearly addressed as provided by local court rules:

Respectfully,

Mr. David Andrew Hayes

Subscribed and sworn to before me
this 23 day of Dec     1994

Notary public signature:

County of:

11 - 25 - 96

My commission expires:

JOHN M. TAYLOR
Notary Public, Branch County, MI
My Commission Expires Nov. 25, 1996

24

UNITED STATES POSTAL SERVICE

**Official Business**



PENALTY FOR PRIVATE
USE TO AVOID PAYMENT
OF POSTAGE, $300

U.S.MAIL

Print your name, address and ZIP Code here

*Judy MAPLES*
*601 ROBBINS*
*ALGONAC MI 48001*

---

**SENDER:**
• Complete items 1 and/or 2 for additional services.
• Complete items 3, and 4a & b.
• Print your name and address on the reverse of this form so that we can return this card to you.
• Attach this form to the front of the mailpiece, or on the back if space does not permit.
• Write "Return Receipt Requested" on the mailpiece below the article number.
• The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address

2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

*Macomb County*
*Circuit Ct*
*40 N. Gratiot Ave*
*Mt Clemens, Mi*

4a. Article Number

Z 414 674 714

4b. Service Type
☐ Registered    ☐ Insured
☒ Certified     ☐ COD
☐ Express Mail  ☐ Return Receipt for Merchandise

7. Date of Delivery

*1-3-95*

5. Signature (Addressee)

*M. Vilbduch*

6. Signature (Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form **3811**, December 1991    ☆U.S. GPO: 1993—352-714    **DOMESTIC RETURN RECEIPT**

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.



4 AUGUST 1993

TO WHOM IT MAY CONCERN:

ON WEDNESDAY AUGUST 4TH, 1993, I
JAMES MURPHY WAS ARRESTED BY
C.O.M.E.T. FOR DELIVERY OF A CONTROLLED
SUBSTANCE AT ABOUT 6:00 P.M. IN THE
CLUB F.T. ON GRATIOT AVENUE NORTH OF
FRAZHO ROAD. I HAD BEEN IN THIS
CLUB FOR 6 HOURS EXCEPT FOR 2 OR
3 5-10 MINUTE PERIODS. DURING THIS
TIME I MADE ARRANGEMENTS TO BE
MET BY MY FRIEND DAVE MAPLES TO
DISCUSS SOME UPCOMING ROOFING WORK
WE COULD BOTH BE INVOLVED IN AND
TO LOAN HIM SOME MONEY SO HE COULD PUR-
CHASE A WORK TRUCK. IT IS MY UNDER-
STANDING THAT HE ARRANGED FOR HIS FRIEND
LARRY ROBERTS TO GIVE HIM A RIDE TO THE
BAR WITH THE PROMISE OF GAS MONEY AND
A COUPLE DRINKS. I NOW STATE THAT
NEITHER ROBERTS OR MAPLES GAVE ME
ANY CONTROLLED SUBSTANCE, NOR DID THEY
AID ME IN THE DELIVERY OF SUCH TO ANY
OTHER INDIVIDUAL.

James Murphy

WITNESSED BY
(8-4-93)

27

## STATE OF MICHIGAN
### IN THE MACOMB COUNTY CIRCUIT COURT

PEOPLE OF THE STATE OF MICHIGAN

                                        COA# 196975
                                        LC# 93-02380-FH
-vs-

                                        HONORABLE RAYMOND CASHEN

DAVID ANDREW MAPLES
_____/

### AFFIDAVIT OF JAMES MICHAEL MURPHY

I, JAMES MICHAEL MURPHY, declare that if called as a witness I will testify truthfully concerning the following subject to the penalty of perjury.

1. That I would be willing to answer truthfully all questions concerning an affidavit I filled out on August 9, 1993. (See attached affidavit)

2. This affidavit concerns a criminal charge against, David Andrew Maples, lower court #93-02380-FH.

3. My purpose for writing this affidavit was to absolve Mr. Maples of any wrongdoing in the aforementioned criminal charges.

4. That the copy of the attached affidavit is a true copy of the original, filled out by me on the above date.

5. When I testified at an entrapment hearing held on February 24, 1994, my testimony was consistent with this affidavit.

6. That this testimony exonerated Mr. Maples from any wrongdoing in the above mentioned criminal case.

7. Subsequent to these happenings, the prosecutor in my felony case approached me with a plea agreement, which I accepted.

EXHIBIT

7

8. Part of the agreement consisted of my not testifying at the criminal trial of, David Maples, in the above mentioned case.

9. That if I choose to testify at that trial I would be facing a more severe sentence for doing so.

10. I did explain the nature of this plea agreement to Mr. Maples trial attorney, Daniel P. Feinberg.

11. I am willing to testify truthfully to all information contained herein, and any other issues related to this matter.

Further, I say not.

I, JAMES MICHAEL MURPHY, declare under penalty of perjury that the above facts and averments are true to the best of my knowledge, information, and belief.

James Michael Murphy

Dated:

Subscribed and sworn before me this
30 day of April , 1997

NOTARY PUBLIC

DEBORAH J. RUTHERFORD
NOTARY PUBLIC - EATON COUNTY MI
ACTING IN MONTCALM CO. MI
MY COMMISSION EXPIRES 07/22/99

29

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

PEOPLE OF THE STATE OF MICHIGAN,
                    Plaintiff,

v                                               Docket No. 93-2380-FH
                                                Hon. Pat Donofrio

DAVID ANDREW MAPLES,
                    Defendant.      /
_____

Commonwealth of Virginia        )
                                ) -ss-
County of Greensville           )

## AFFIDAVIT OF
## DAVID ANDREW MAPLES

I, David Andrew Maples, sayeth as follows:

1.    That I am willing and competent to testify as to matters
      regarding this matter.

2.    That on August 4, 1993, I spoke with James Murphy on the
      telephone (co-defendant) surrounding him loaning me $3500
      for the sole purpose to purchase a work truck for my
      construction company (B.V. Construction).

3.    That after arriving at the bar, and a work related
      conversation Mr. Murphy asked me to walk to his car so he
      could give me the amount of money I needed ($3500) to
      purchase the work truck.

4.    That the agreement of the "Gentleman's Loan" between us was
      that I return the money the following day or two and to
      possibly assist him in some roofing work on his home.

5.    That upon going to trial the prosecution offered a plea to
      myself and Mr. Murphy which I refused because of my
      innocence in the alleged actions I was arrested for.

6.    That the prosecutor said that if we (Myself and Mr. Murphy)
      did not accept the plea it did not stand.

7.    That the next day my attorney, Daniel Feinberg, informed me
      that Mr. Murphy had somehow obtained a plea and that his
      sentencing date would be adjourned until after the outcome
      of my trial.

8.    That the following day, Mr. Feinberg, contacted Mr. Murphy
      to inform him that he was going to be called to testify in
      my defense as that was my key witness with exonerating
      testimony.

9.    That it was at this time, the nature of Mr. Murphy's plea
      agreement ingredient's were revealed.  In order for Mr.
      Murphy to obtain the plea it was agreed that he wouldn't
      testify in my defense, and that his sentencing date was
      adjourned until after the outcome of my trial.  (Docket
      entries support this).

30

10. That the first day of my trial, upon a recess for lunch, the Honorable Raymond Cashen asked that defendant's counsel, Mr. Feinberg, and defendant as well as the prosecutor to approach the bench.

11. That the Honorable Raymond Cashen indicated to me that this trial was so one-sided the jury would deliberate for 15 minutes and return with a verdict of guilty and suggested over lunch to consider the plea that was once offered.

12. That after discussing the matter with family and counsel, Mr. Feinberg, it was our understanding that I had very good grounds for a successful appeal surrounding the Speedy Trial and entrapment issues.

13. That upon accepting the plea as well as at sentencing, Mr. Feinberg, assured me that the Speedy Trial and entrapment issues were preserved for appellate review.

14. That had I known differently I would have insisted on proceeding to trial despite the lack of defense witnesses.

15. That today I maintain my innocence as I have since August 4, 1993, also see the PSIR, which also shows that the work history, family (3 children) and education status remains uncorrected irrespective of the sentencing transcripts which sets forth the positive.

16. That I am presently engaged to be married and if successful with regaining my freedom I intend to be gainfully employed and a productive citizen in my community.

17. That since my incarceration I have remained misconduct free and maintained excellent housing reports.

I, David Andrew Maples, declare under the penalties under perjury that that statements contained herein are true to the best of my knowledge, information and belief.

David Andrew Maples

Subscribed and sworn to before me,
a Notary Public, this 18th day of
December , 19 98 .

Notary Public

Greensville County, Virginia

My Commission Expires: 10/31/2000

31

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DAVID A. MAPLES,**

     Petitioner,

                             File No. 00-71718

-vs-

                             Hon. Victoria Roberts

**JIMMY STEGALL, Warden**

     Respondent.

---

## PROOF OF SERVICE

STATE OF MICHIGAN )
                )SS
COUNTY OF WAYNE )

     **CRAIG A. DALY, P.C.**, being first duly sworn, deposes and says that on the 4th day of December 2003, he did serve a true copy of Brief in Support of Petition for Writ of Habeas Corpus upon Mr. Brad H. Beaver, Assistant Attorney General's Office Habeas Corpus Division, 720 Law Building, 525 W. Ottawa, Lansing, Michigan 48909 by first class mail.

                                  **CRAIG A. DALY, P.C. (P27539)**

Subscribed and sworn to before me
this 4th day of December 2003.

Melinda D. Zawal
Notary Public, Macomb County, MI
Acting in Wayne County, MI
My Commission expires: 6/18/04