

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MAPLES,

Petitioner,

v.

CASE NO. 00-CV-71718-DT
HONORABLE VICTORIA ROBERTS
UNITED STATES DISTRICT JUDGE

JIMMY STEGALL,

Respondent.
_____/

**Respondent's Answer To Petitioner's Brief In Support Of Petition For Writ Of Habeas Corpus After Remand**

A. **Introduction.**

The Sixth Circuit remanded this case for a determination of whether Petitioner was prejudiced under *Hill v. Lockhart,* 474 U.S. 52 (1985), by his trial counsel's erroneous advice that Petitioner would not waive his denial of a speedy trial claim by pleading guilty. Respondent contends that Petitioner suffered no prejudice because he was not denied his right to a speedy trial.

B. **Facts.**

The timeline from Petitioner's arrest until his guilty plea, as documented by the trial court file, runs as follows:

8/4/93 – Petitioner and his co-defendant are arrested.

8/6/93 – The Complaint and Warrant are issued.

10/19/93 -- Adjournment: "Adjourned until November trial call. Def. To file all motions w/in 10 days; People to respond w/in 10 days; entrapment hearing to be held on trial date."

11/2/93 – Petitioner files a motion for supplemental discovery; motion in limine

12/9/93 – Petitioner joins co-defendant's motion for alleged violation of 12-day rule; trial court awaiting preparation of preliminary examination transcript.

1/11/94 – Trial adjourned to 1/19/94 because Petitioner's counsel was unavailable.

1/19/94 – Adjournment at request of co-defendant "to file motion(s)."

2/4/94 – Trial adjourned to begin entrapment hearing.

2/23-25/94 – Entrapment hearing conducted.

3/16/94 – Argument on entrapment motion; court orders transcripts of hearing to be prepared.

4/8/94 – Petitioner files motion for release on personal bond.

4/11/94 – Briefs on entrapment due 4/29/94.

4/29/94 – Petitioner files motion for immediate release.

4/29/94 – Petitioner also files a "Brief in Support of Defendant's Concurrence in Co-Defendant's Motion to Dismiss" in which Petitioner argues that the charges against him should also be dropped on the grounds of entrapment.

5/5/94 – Prosecutor files answer to motion for immediate release, stating in part: "The continuance in the [entrapment] hearing from February 25th until April 11th was for the sole purpose of ascertaining whether [Petitioner] would testify and the taking of his testimony." (Par. 9).

5/9/94 – Petitioner's motion for immediate release granted.

6/3/94 – Adjournment pending decision on entrapment motion.

7/14/94 – Trial court issues Opinion denying entrapment motion. Opinion notes that both co-defendant *and* Petitioner joined in the motion. (Opinion, pp. 1, 7-8).

7/29/94 – Trial adjourned over term.

2

11/18/94 – Co-defendant moves to adjourn trial.

12/7/94 – Co-defendant moves to adjourn trial.

12/24/94 – Petitioner writes letter to trial court asking to have his counsel replaced.

4/28/95 – Court in another trial; sets Petitioner's case for trial on 6/22/95

6/27/95 – Trial adjourned until 8/29/95; reason not stated.

8/22/95 – Petitioner files motion to dismiss for violation of 180-Day Rule.

8/29/95 – Trial adjourned under 9/19/95 because "plea negotiations failed."

9/19/95 – Court denied motion to dismiss.

9/20/95 – Petitioner pleads guilty following jury selection.

C.     **Argument.**

Petitioner maintains that he is entitled to habeas relief, because his trial court's erroneous advice about whether a speedy trial claim would be waived by his guilty plea deprived him of a reasonable likelihood of prevailing on such a claim during his direct state appeal. In fact, his speedy trial claim is meritless, and therefore Petitioner is not entitled to habeas relief based on this claim.

In *Barker v. Wingo*, 407 U.S. 514, 530 (1972), the Supreme Court articulated four factors that must be considered in a speedy trial analysis:

 1. Whether the delay was uncommonly long.

 2. The reason for the delay.

 3. Whether the defendant asserted his right to a speedy trial.

 4. Whether prejudice resulted to the defendant.

The test is a functional one, and no one factor constitutes a "necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." *Barker*, at 533. "Rather

3

they are related factors and must be considered together with such other circumstances as may be relevant." *Id.*

1. The Length of the Delay.

If the length of the delay is not "uncommonly long," then judicial examination ceases. *Doggett v. United States*, 505 U.S. 647, 652 (1992). A delay approaching a year is presumptively prejudicial and triggers application of the remaining three factors. *Doggett*, 505 U.S. at 652, n1. Here, there was approximately a twenty-five month delay from Petitioner's arrest to his guilty plea. This period meets the "uncommonly long" standard and therefore it is necessary to examine the three other factors.

2. Reason for the Delay.

Respondent and Petitioner part company on this point. While Petitioner maintains that only nine days of the delay are attributable to him, Respondent contends that the period of delay until the entrapment defense was adjudicated is attributable to Petitioner, and that even if the remaining portions of the delay can be attributed to the government, they were not motivated by bad faith or harassment.

There was really no delay at all in this case until Petitioner's co-defendant filed his motion for dismissal on grounds of entrapment. Because Petitioner joined in the motion, any delay thereby caused must be attributed to him as well and not to the prosecution. It should be noted that under substantive Federal criminal law, reasonable delays caused by a co-defendant are not attributed to the government. 18 U.S.C. sec. 3161(h)(1) and (7); *United States v. Pelfrey*, 822 F.2d 628, 634 (6th Cir. 1987); *United States v. Cope*, 312 F.3d 757, 776-777 (6th Cir. 2002). As Petitioner did not move to sever his trial from co-defendant, and even worse

4

ultimately joined in the motion to dismiss, the period of time in which the entrapment motion was pending must be attributed to Petitioner.

Indeed, as revealed in the prosecutor's answer to Petitioner's motion for immediate release, much of the delay caused by the entrapment hearing resulted from Petitioner's own procrastination in deciding whether to testify at the hearing and join in the motion. By the time the hearing was completely, arguments were made, transcripts were prepared, briefs were filed, and the decision made – all of which were events naturally flowing from the filing of the motion – nearly a year had passed. That is, it is not fair to attribute the delay from August of 1993 to July 14, 1994, to the trial court or the prosecution, as that entire period of time was consumed litigating Petitioner and his co-defendant's entrapment defense.

The remaining period of delay—of slightly over one year -- may not be attributable to Petitioner, but neither was it the result of bad faith or harassment on the part of the prosecutor. The trial court record reveals that the remaining delays were comprised of: 1) the end of a court term, 2) co-defendant's requests for adjournments, 3) another trial, and 4) failed plea negotiations with co-defendant. Respondent maintains that a co-defendant's request for an adjournment is also a "valid reason for delaying a trial," and therefore should not be weighed against the prosecution. *Barker*, 407 U.S. at 531. Again, because Petitioner did not move to sever his trial from his co-defendant's, these delays may not be attributed to the government. At worst, the delays after the entrapment hearing were the result of relatively "neutral reasons," which are weighed less heavily against the prosecution. *Barker*, 407 U.S. at 531; *Strunk v. United States*, 412 U.S. 434, 436 (1973).

As one of these relatively equal periods of delay is fairly attributable to Petitioner, and the other is either neutral or at worst marginally attributable to the government, Petitioner is

more to blame for the delay, and this factor should be weighed against him. At best for Petitioner, if the second period of delay is held against the government, this factor is neutral. *United States v. Schreane*, 331 F.3d 548, 556-557 (6th Cir. 2003) ("[E]ach of the two roughly equivalent time periods in the twenty-nine month delay favors a different party. Thus, neither party is really 'more to blame' for the total delay in this case. . . . Consequently, under our *ad hoc* analysis, the scales of justice remain more or less in equipoise when balancing this *Barker* factor.")

3.    Petitioner's assertion of his speedy trial rights.

Contrary to Petitioner's assertion, his April 8, 1994, motion for bond cannot constitute the assertion of his right to a speedy trial. This motion only asked for Petitioner to be placed on bond, it did not seek an advanced trial date. In any event, at the same time Petitioner filed this motion, he also filed a brief asking the court to dismiss on entrapment grounds, which effectively asked the court to delay progress in his case until that issue could be decided.
The earliest true demand for a speedy trial is the *pro se* motion that requested a hearing on the matter and was filed by Petitioner on January 3, 1995. This occurred, however, over five months after the trial court decided the entrapment motion. Petitioner's *untimely* assertion of his speedy trial rights, not made until months had passed after the trial court rejected his affirmative defense, must be weighed against him. *Barker*, 407 U.S. at 531-532; *United States v. Thomas*, 167 F.3d 3d 299, 305 (6th Cir. 1999).

4.    Prejudice.

The last factor requires Petitioner to demonstrate that "substantial prejudice" has resulted from the delay. *United States v. DeClue*, 899 F.2d 1465, 1470 (6th Cir. 1989). Petitioner has not demonstrated any prejudice that was caused by any delay.

Petitioner's claim that the unavailability of Larry Roberts prejudiced his defense is unavailing. Roberts was originally a co-defendant. His case was dismissed at the preliminary examination for lack of evidence. Robert's statement to police denied any wrongdoing by himself, but not by Petitioner. In fact the prosecutor's pleading indicate the following exchange in the police station:

"After they were arrested, Roberts called out to [Petitioner] in the Roseville Police station to 'tell them I had nothing to do with it.' [Petitioner] replied to police 'He didn't.'" (Plaintiff's Brief in Opposition to Defendant's Motion for Dismissal on Speedy Trial Grounds, p. 5).

The obvious inference is that Petitioner could only know that Roberts had nothing to do with the drug trafficking if he himself was involved in it. Thus, it is far from clear that Roberts was a witness that would benefit Petitioner. The prosecutor also represented that even if Roberts were located that his attorney would advise him not to testify on Fifth Amendment grounds. *Id.* Lastly, Roberts was apparently not present when Murphy and Petitioner exchanged the cocaine for money. Thus, he would be unable to offer any testimony helpful to Petitioner.

To the extent that Murphy obtained a plea bargain that prevented Petitioner from calling him as a defense witness, this "prejudice" is not the effect of any delay. Rather, it is the effect of Murphy reaching a plea agreement with the prosecution. There has been no showing that the prosecution delayed proceedings to obtain this concession from Murphy or that Murphy only acceded to this condition because of the delay. It may very well be that Murphy pleading guilty hurt Petitioner's chances at trial; but his decision to do so has nothing to do with any of the delays in this case.

In conclusion, Petitioner's right to a speedy trial was not denied. A great bulk of the delay resulted from his co-defendant's assertion of an entrapment defense: a defense Petitioner

7

joined in. What followed from that were ordinary delays attributable to both the co-defendant and the crowded court docket. Therefore, the length of the delay can largely be attributed to Petitioner, who only demanded a speedy trial months after the trial court denied the entrapment motion. Moreover, Petitioner has not shown how the delay caused him substantial prejudice. While his defense may have suffered from choices that his co-defendant made, the prejudice was a product of the choices, not of the delay. Accordingly, Petitioner's speedy trial claim is meritless, and therefore he was not prejudiced by his trial counsel's failure to advise him that he would waive the claim by pleading guilty.

## Relief Requested

Respondent requests that the petition be dismissed.

Respectfully submitted,

MICHAEL A. COX
Attorney General

Brad H. Beaver (P48649)
Assistant Attorney General
Attorney for Respondent
Criminal Appeals Division
P.O. Box 30217
Lansing, Michigan 48909
Telephone: (517) 373-4875
Dated: January 15, 2004

2000054661A/Ans Brief in Supp

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MAPLES,

    Petitioner,

v.

    CASE NO. 00-CV-71718-DT
    HONORABLE VICTORIA ROBERTS
    UNITED STATES DISTRICT JUDGE

JIMMY STEGALL,

    Respondent.
_____/

### Proof of Service

The undersigned certifies that on the date set forth below, she served a copy of the following papers:

1. Respondent's Answer to Petitioners Brief in Support of Petition for Writ of Habeas Corpus After Remand; and
2. Proof of Service.

upon:

CRAIG A. DALY
Attorney for Petitioner
577 E. Larned, Suite 240
Detroit, MI 48226

I declare under penalty of perjury that the foregoing is true and correct, executed on January 15, 2004.

                                                                       Cathy Pawlus