UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DAVID MAPLES,**

    Petitioner,

-vs-

**JIMMY STEGALL, Warden**

    Respondent.

File No. 00-71718

Hon. Victoria Roberts

---

**CRAIG A. DALY, P.C. (P27539)**
Attorney for Petitioner
28 W. Adams, Suite 900
Detroit, Michigan 48226
(313) 963-1455

---

# REPLY TO RESPONDENT'S ANSWER

Respondent has filed an Answer to Petitioner's Brief in Support of Petition for Writ of Habeas Corpus after the Sixth Circuit's published opinion of August 19, 2003, remanding the case to the District Court to assess Petitioner Maples' speedy trial argument as it relates to his claim of ineffective assistance of counsel claim. In this Answer, the Respondent argues that Petitioner's right to a speedy trial was not denied because much of the delay is attributable to him, the demand for a speedy trial was not timely, and he has failed to show substantial prejudice by the delay. Each of these responses are in error.

Initially, Respondent concedes that the <u>length</u> of the delay, approximately twenty-five (25) months, is <u>presumptively prejudicial</u>. <u>Doggett vs. United States</u>, 505 US 647, 652 n. 1, 112 S Ct 268, 120 L Ed 2d 520 (1997) (Answer, p. 4). However, Respondent has failed to overcome the presumption that this inordinate delay prejudiced Petitioner.[1]

Regarding the <u>reason</u> for the delay, Respondent argues that "a great bulk of the delay" resulted from the co-defendant's entrapment motion, joined in by Petitioner. The balance of the delay, still exceeding the one (1) year presumptive prejudice standard, are attributed to the co-defendant and court, Respondent argues, and is therefore "neutral" under this factor. A closer look at the actual time delays and reasons, show that this factor weighs in favor of a violation of Petitioner's speedy trial rights.

It is undisputed that during the entire delay, the Petitioner requested <u>only one (1)</u> adjournment from January 11, 1994 to January 19, 1994 because counsel was unavailable. Respondent argues that Petitioner must be charged with the delay in which the entrapment motion was pending because he ". . . ultimately joined in the motion to dismiss . . ." (Answer, pg. 4-5). Respondent

---

[1] The Sixth Circuit in <u>United States v Holyfield</u>, 802 F2d 846, 848 (6th Cir, 1986) <u>cert denied</u>, 479 US 1090 (1987) found a five (5) month delay sufficient to trigger inquiry into the other <u>Barker</u> factors.

then asserts " . . . it is not fair to attribute the delay <u>from August of 1993</u> to July 14, 1994 to the trial court or the prosecutor, as the <u>entire period</u> of time was consumed litigating Petitioner and his co-defendant's entrapment defense." (Answer, pg. 5, <u>emphasis added</u>). This is simply incorrect. Petitioner was <u>arrested</u> on August 4, 1993. The first two (2) trial dates, October 19 and December 9, 1993 were adjourned at the request of the co-defendant. The co-defendant was to file motions within ten (10) days and the entrapment hearing was scheduled, for the trial date. Neither of these events occurred and were totally unrelated to Petitioner. The December trial date was adjourned for the filing of a 12 day rule violation in District Court, but could not be filed because the parties were waiting for the District Court transcript to be filed. The entrapment hearing was not conducted by the court until February 23, 24, 25, 1994. The only requested adjournments prior to the hearing were requested by the co-defendant to file motions and for the entrapment hearing. Although the entrapment hearing was concluded on February 25, 1994, there is absolutely no explanation why the trial court did not issue an opinion until July 14, 1994, over <u>five (5) months</u> later. Moreover, Petitioner did not join in the entrapment motion <u>until April 29, 1994</u> when he filed his "Brief in Support of Defendant's Concurrence in Co-Defendant's Motion to Dismiss." Finally, the State has previously argued that the

computation of the <u>entire period of delay attributable to Petitioner</u> was 118 days (Plaintiff's Response to Defendant's Motion for Immediate Release, paragraph 8). The State argued that the period in which the entrapment motion was pending was about 96 days, combined with the eight (8) day requested delay because counsel was absent and the fourteen (14) day adjournment consented to in the District Court. Thus, the State is bound by their previous assertion of an approximately four (4) month delay which could be attributable to Petitioner.

Regarding the claim that Petitioner failed to move for a severance from his co-defendant, Petitioner has attached his affidavit to this Reply, stating that he repeatedly requested of his attorney to file a motion for separate trials, but his attorney refused without any factual or legal basis (see attached, Affidavit, paragraphs 2 and 3).

As for the balance of the delay, the Respondent has failed to show "a diligent good faith effort" and to explain the delay in a matter that should not be charged to the State (i.e. unexplained delays, negligence in failing to bring Petitioner in from the Department of Corrections, over-crowded docket with another case in trial, etc., are charged to the State).

In short, only a very short period of time, less than four (4) months could arguable be attributed to Petitioner. The remaining twenty-one (21) months

must be charged to the State. Exploiting the delay to obtain a plea from the co-defendant with an agreement not to testify for Petitioner weighs heavily against the State.

On the issue of Petitioner's assertion of his right to a speedy trial, Respondent concedes that a demand itself was made while ignoring the significance of the fact that the demand was made. Respondent argues that the motion for bond "cannot constitute the assertion" of a speedy trial claim and secondly, the demand of January 3, 1995 was untimely.

Respondent first claim simply ignores Sixth Circuit precedent that a request for bail can constitute the equivalent of a request for speedy trial. Redd v Sowers, 809 F2d 1266, 1270 (6th Cir, 1987); Cain v Smith, 686 F2d 374, 376 (6th Cir, 1987). Thus, the April 8, 1994 Motion for Release on Personal Bond is both a sufficient and timely request for a speedy trial.

Secondly, it is undisputed that on January 3, 1995, Petitioner filed his Pro Per Demand for Speedy Trial, shortly after writing a letter to the judge requesting new counsel because he refused to file the motion to dismiss for violation of the speedy trial and 180 day rule.[2] Respondent offers no explanation why trial did

---

[2]Trial counsel failed to file a Motion to Dismiss on speedy trial grounds until August 22, 1995. Moreover, the trial court refused to address Petitioner's pro per motion filed some eight (8) months earlier.

not commence until September 20, 1995, some nine (9) months after his demand for a speedy trial.

Finally, <u>untimely</u> assertions of the right to a speedy trial have occurred in cases very dissimilar to the instant case. (See <u>United States v Vachon</u>, 869 F2d 653, 657 (1st Cir, 1989) (fact that defendant did not assert speedy trial rights until two (2) days before trial after 13 month delay weighs against him); <u>Garcia Montalvo v United States</u>, 862 F2d 425, 426 (2nd Cir, 1988) (no assertion of speedy trial violation by defendant until six (6) years after conviction because he was a fugitive and incarcerated in another country weighs against him).

Given Petitioner's multiple demands for a speedy trial, which were ignored, this factor weighs heavily in favor of Petitioner.

Respondent boldly asserts that "Petitioner has not demonstrated any prejudice" caused by the delay (Answer, pg. 6). Regarding the witness, Larry Roberts, Petitioner has attached his affidavit, verifying that Roberts visited him while he was in prison (after Petitioner was sentenced for probation violation upon release on a personal bond in the instant case) and told him he <u>would</u> testify on his behalf and exonerate him (See Affidavit of David Maples, paragraph 5).

Respondent failed to address this assertion in Petitioner's Brief, pg. 16. Respondent argues that Robert's statement to the police exonerating only himself and the conversation in the jail shortly after their arrest are "obvious inferences" that Roberts alone was innocent. To the contrary, what occurred are subject to a number of different and reasonable interpretations all consistent with Petitioner's innocence. First of all, Roberts did <u>not implicate</u> Petitioner to the police. Secondly, according to the police report, Roberts yelled to Petitioner in the booking room "tell them that I didn't have anything to with it . . ." and then said, "just keep your mouth shut." Petitioner, in his attached affidavit, states that he only told Roberts to "shut up" (Affidavit, paragraph 4). In either case, Petitioner knew <u>both</u> Roberts and he were not involved, but that exercising one's Fifth Amendment right is the best course of action with the police. After all, any defense attorney worth his salt advises his client to invoke his right to counsel and against self-incrimination <u>anytime</u> they are arrested because of the well recognized and inherent problems with the coercive conditions of custodial interrogation. In this case, the delay rendered Roberts unavailable as the police were unable to locate him for trial (Brief, pg. 16).

Respondent concedes that the Co-Defendants guilty pleas and agreement not to testify on Petitioner's behalf "hurt Petitioner's chances at trial" (Answer, pg.

7). Respondent claims, without any proof, that the decision to plead had "nothing to do with any of the delays in this case" (Answer, pg. 7). It would be naive to assume that the many delays granted to the co-defendant, did not lead to the ultimate deal entered into by the co-defendant at Petitioner's expense. Additionally, Respondent failed to address the other forms of prejudice (anxiety, oppressive incarceration, loss of employment) Petitioner suffered.

Under Rule 7(b) of the rules governing habeas cases, this Court may consider the affidavits submitted as part of the record. Considering these affidavits, Petitioner has established a violation of his right to a speedy trial. Alternatively, this Court should conduct an evidentiary hearing. 28 USC §2254; Abur'rahman v Bell, 226 F3d 696, 704-706 (6th Cir, 2000); Barnes v Elo, 231 F3d 1025 (6th Cir, 2000).

**WHEREFORE**, Petitioner requests this Honorable Court grant habeas relief or in the alternative, grant an evidentiary hearing.

Respectfully submitted,

_____
**CRAIG A. DALY, P.C. (P27539)**
Attorney for Defendant
577 E. Larned, Suite 240
Detroit, Michigan 48226
(313) 963-1455

Dated: January 30, 2004

-8-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DAVID MAPLES,**

    Petitioner,

    File No. 00-71718

-vs-

    Hon. Victoria Roberts

**JIMMY STEGALL, Warden**

    Respondent.

**CRAIG A. DALY, P.C. (P27539)**
Attorney for Petitioner
28 W. Adams, Suite 900
Detroit, Michigan 48226
(313) 963-1455

## AFFIDAVIT OF DAVID MAPLES

STATE OF MICHIGAN )
                    )ss
COUNTY OF WAYNE )

    **DAVID MAPLES**, being duly sworn, deposes and says that the following

is true to the best of his knowledge, information and belief:

    1.    I am the Petitioner in the above entitled matter.

    2.    I specifically asked my lawyer, Daniel Feinberg, several times while

I was in the county jail and in prison to seek a separate trial from my co-

defendant, James Murphy. I had researched the separate trial issue and had obtained copies of cases to support my position and to give to Mr. Feinberg.

3. Mr. Feinberg refused to file the motion stating "the judge would not grant it." Mr. Feinberg offered no other explanation, or any factual or legal basis for his refusal to act.

4. After the arrest of Larry Roberts and myself, Roberts said "tell them I had nothing to do with it." I replied, "shut up," I did not reply to the police "He didn't . . ." or any other words.

5. Larry Roberts visited me at the Macomb Regional Facility and told me he would testify on my behalf that I was not involved in the crimes charged.

**FURTHER DEPONENT SAYETH NOT.**

_____
**DAVID MAPLES**

Subscribed and sworn to before me
this 27th day of January, 2004.

_____
Melinda D. Zawal
Notary Public, Macomb County, MI
Acting in Wayne County, Michigan
My Commission expires: 6/18/04

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DAVID MAPLES,**

Petitioner,

-vs-

**JIMMY STEGALL, Warden**

Respondent.

File No. 00-71718

Hon. Victoria Roberts

## PROOF OF SERVICE

STATE OF MICHIGAN )
                  )SS
COUNTY OF WAYNE )

**CRAIG A. DALY, P.C.**, being first duly sworn, deposes and says that on the 30th day of January 2004, he did serve a true copy of Reply to Respondent's Answer upon Mr. Brad H. Beaver, Assistant Attorney General's Office Habeas Corpus Division, 720 Law Building, 525 W. Ottawa, Lansing, Michigan 48909 by first class mail.

CRAIG A. DALY, P.C. (P27539)

Subscribed and sworn to before me
this 30th day of January 2004.

Melinda D. Zawal
Notary Public, Macomb County, MI
Acting in Wayne County, MI
My Commission expires: 6/18/04