UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ORIGINAL**

**DAVID MAPLES,**

Petitioner,

File No. 00-71718

-vs-

Hon. Victoria Roberts

**JIMMY STEGALL, Warden**

Respondent.

| CRAIG A. DALY, P.C. (P27539) | BRAD H. BEAVER (P48649) |
|---|---|
| Attorney for Petitioner | Assistant Attorney General's Office |
| 28 E. Adams, Suite 900 | Habeas Corpus Division |
| Detroit, Michigan 48226 | 720 Law Building, 525 W. Ottawa |
| (313) 963-1455 | Lansing, Michigan 48909 |
|  | (517) 373-4875 |

## MOTION FOR CERTIFICATE OF APPEALABILITY

NOW COMES, the Petitioner DAVID MAPLES, by and through his attorney, CRAIG A. DALY, P.C., and hereby moves this Honorable Court pursuant to Federal Rules Appellate Procedure 22(b) and 28 USC §2253(c)(1)(a) for a Certificate of Appealability from this Court's final Judgment entered on June 9, 2004 for the reasons set forth in the attached Memorandum of Law.

Respectfully submitted,

_____
CRAIG A. DALY, P.C. (P27539)
Attorney for Petitioner
28 W. Adams, Suite 900
Detroit, Michigan 48226
(313) 963-1455

Dated: June 29, 2004

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DAVID MAPLES,**

    Petitioner,

-vs-

File No. 00-71718



Hon. Victoria Roberts

**JIMMY STEGALL, Warden**

    Respondent.

| | |
|---|---|
| CRAIG A. DALY, P.C. (P27539)<br>Attorney for Petitioner<br>28 E. Adams, Suite 900<br>Detroit, Michigan 48226<br>(313) 963-1455 | BRAD H. BEAVER (P48649)<br>Assistant Attorney General's Office<br>Habeas Corpus Division<br>720 Law Building, 525 W. Ottawa<br>Lansing, Michigan 48909<br>(517) 373-4875 |

# MEMORANDUM IN SUPPORT OF MOTION FOR CERTIFICATE OF APPEALABILITY

## A. STANDARD FOR GRANTING A CERTIFICATE OF APPEALABILITY.

When seeking a Certificate of Appealability, a person is required to make a substantial showing of the denial of a constitutional right. 28 USC §2253 (c)(2). The granting of a Certificate of Appealability essentially means that the appeal is not "frivolous" and that reasonable jurists could debate whether, or agree that, the Petition should have been resolved in a different manner, that is, the District Court's

assessment is debatable or wrong, or that the issues presented were "adequate to deserve encouragement to proceed further." Slack v McDaniel, 120 S Ct 1595, 1603-1604 (2000); Barefoot v Estelle, 463 US 880, 893 n. 4, 103 S Ct 383, 77 L Ed 2d 1090 (1983); Hence v Smith, 49 F Supp 2d 547, 549 (ED Mich, 1999) (Gadola, J.). Recently, the Supreme Court in Miller-El v Cockrell, 537 US 322, 327, 123 S Ct 1029, _ L Ed 2d _ (2003) reversed the judgment of the Fifth Circuit Court of Appeals denying a certificate of appealability from the District Court's denial of habeas relief. The Court held that a state prisoner satisfies the standard of showing a substantial denial of a constitutional right "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues are adequate to deserve encouragement to proceed further." The Court added that "[t]his threshold inquiry does not require full consideration of the factual or legal basis adduced in support of the claims." Id at 336. "Indeed, a claim can be debatable even though every jurist of reason might agree, after the Certificate of Appealability has been granted and the case has received full consideration, that petitioner will not prevail," id at 338. The Certificate of Appealability should not be denied merely because the Court believes Petitioner

does not demonstrate an entitlement to relief or that some jurist would not actually grant the petition.

In short, the fact that this Court may not believe Petitioner Maples is entitled to habeas relief does not, in itself, require denial of a request for a Certificate of Appealability. <u>Lozada v Reeds</u>, 498 US 430, 111 S Ct 860, 112 L Ed 2d 956 (1991); <u>Barefoot v Estelle, supra</u>; <u>Trevino v Johnson</u>, 168 F3d 173, 177 (5th Cir, 1999); <u>Harris v Vasquez</u>, 901 F2d 724 (9th Cir, 1990). Petitioner is not required to show he will prevail on the merits, or on appeal, *id.*; <u>Byrne v Butler</u>, 825 F2d 501, 505 (5th Cir, 1988).

In <u>Lyons v Ohio Adult Parole Authority</u>, 105 F3d 1063, 1073 (6th Cir, 1997), <u>cert denied</u>, 520 US 1224 (1997) the Sixth Circuit held that the new certificates of appealability do <u>not</u> require a different showing than the former certificates of probable cause, concluding that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) merely codifies the <u>Barefoot</u> standard, which required a "substantial slowing of the denial of [a] federal right." 28 USC §2253(C)(2).

Any doubt about entitlement to a Certificate of Appealability is resolved in favor of granting it. <u>Sonner v Johnson</u>, 161 F3d 941, 946 (5th Cir, 1998).

-3-

The Court must make an individualized determination as to each claim raised in the Petition and identify the specific issue that Petitioner has made the necessary showing. 28 USC §2253(c)(3); FRAP 22(b); Murphy v State of Ohio, 263 F3d 466 (6th Cir, 2001).

In the present case, Petitioner Maples has made the necessary showing for the granting of this Motion as reasonable jurists could find the District Court's resolution of the claim was in error or that Petitioner Maples should be allowed to proceed further on the single substantive claim contained in the Brief in Support of petition for Writ of Habeas Corpus after Remand.

### B. APPLICATION.

Initially, it should be noted that the Sixth Circuit determined that Petitioner met the first prong of Strickland v Washington, 466 US 668 (1984), because defense counsel's patently erroneous advice regarding Petitioner's ability to appeal the denial of his speedy trial claim fell below an objective standard of reasonableness. Maples v Stegall, 349 F3d 433 (6th Cir, 2003). Moreover, the Circuit Court found there could be no sound strategy for the error. Thus, the only remaining issue was whether counsel's performance was deficient. This, in turn, required a determination of Petitioner's speedy trial claim. In balancing the four (4) factors to be

-4-

considered for a speedy trial violation, this Court concluded that two (2) factors weighed in Petitioner's favor, and two (2) factors weighed in the State's favor. Thus, this Court concluded that Petitioner's speedy trial claim lacked merit, "he likely" would not have prevailed on appeal, and therefore the prejudice prong had not been met. Certainly, that conclusion is debatable among reasonable jurists. At a minimum, review on appeal would be <u>de novo</u> and this issue is adequate to deserve further review.[1]

First of all, the standard for granting relief on ineffective assistance is a "reasonable probability." <u>Strickland</u>, 466 US at 694. The standard does not require any degree of certainty "or even a preponderant likelihood." <u>Matthews v Abramjtys</u>, 319 F3d 780, 790 (6th Cir, 2003). This Court failed to properly apply this standard, instead concluding that Petitioner "likely would not have prevailed." On the one hand, the Court correctly found that the length of delay created a <u>presumption</u> of prejudice. Although the United States Supreme Court has held that an affirmative showing of prejudice is not required, [<u>Barker v Wingo</u>, 407 US 514, 532

---

[1] Since the state court did not address the merits of the speedy trial claim or ineffective assistance of counsel, the appeals court would not have to assess the state court ruling as being contrary to an unreasonable application of federal law. <u>McKenzie v Smith</u>, 326 F3d 721, 727 (6th Cir, 2003).

(1972)]; Moore v Arizona, 414 US 25, 26 (1973), this Court citing to United States v Schreane, 331 F3d 548 (6th Cir, 2003) concluded that Petitioner was required to show "substantial prejudice," and failed to do so in this regard, the court is in error. Regarding Larry Roberts, this Court placed too much emphasis on a letter from the prosecutor, who said that he would likely advise Roberts not to testify. Assuming he would, the final determination about whether to testify is Roberts', not his lawyer. Roberts signed an affidavit saying he would testify. Surely, a sworn affidavit carries much more weight than a hearsay statement about what the lawyer was likely to advise Roberts about. Yet the Court failed to give any consideration to the affidavit, choosing instead to simply ignore it. As a result, the Court erroneously found that Roberts' absence did not prejudice Petitioner.

Regarding James Murphy, the Court essentially rejects Murphy's proposed testimony that Petitioner was not involved in the delivery because it "likely would have been contradicted by Police Officer Hurley" and "the jury might have concluded . . . that Murphy's testimony . . . was not credible." That of course, is not only speculative, but a matter reserved exclusively for the jury if there was a trial. Barker v Yukins, 199 F3d 867, 874 (6th Cir, 1999), cert denied, __ US __, 147 L Ed 2d

273 (2000). Having not conducted the requested evidentiary hearing, it is virtually impossible for this Court to make a credible assessment.

Finally, the Court found no prejudice (oppressive pretrial incarceration, loss of employment, anxiety) because Petitioner was in custody on an unrelated "charge" in St. Clair County, and under MCL 333.7401(3), the sentence in the present case would have to run consecutive. This is clearly wrong. MCL 333.7401(3) provided for a term of imprisonment for a major controlled substance offense that shall be consecutive with any term "imposed for the commission of another felony" (emphasis added). People v Cline, 190 Mich App 1 (1991). In this case, Petitioner was not in custody on an unrelated charge that he had committed. Instead, he was being held on a probation violation for receiving and concealing stolen property under file 92-1850-FC (Exhibit A, page 8, 15 of Petition). Thus, the consecutive sentence statute did not apply and the very factual basis for the Court's decision is non-existent.[2]

As for the reason for the delay, the Court attributed more fault to Petitioner, than the trial court or prosecution. The Court failed to consider that Petitioner

---

[2]This error is significant given that the Court determined that it did not "minimize these concerns."

requested a single adjournment of eight (8) days. Instead, the Court summarily combined Petitioner with the co-defendant concluding that most of the trial dates in 1993 and 1994 were adjourned at the request of Petitioner or his co-defendant or as a result of motions they filed. The Court failed to examine who requested the adjournments and to determine whether the adjournments were caused by the defendants, or because of some other reason. All the adjournments regarding the entrapment hearing were made by the co-defendant, not Petitioner. The Court assumes that Petitioner was present and could have objected, or that an objection to the delay would have expedited the case. On at least two (2) occasions, June 6, 1994 and July 29, 1994, the trial court failed to bring Petitioner in from the Department of Corrections. The Court not only failed to address this, but attributed the delay to Petitioner. Obviously, Petitioner has no control over the trial court's negligence in failing to have him transported to the court.

Nor does the Court address why it took the trial court six (6) months to resolve an entrapment hearing. Although the co-defendant filed his Motion for Entrapment in January, Petitioner did not join in the motion until April of 1994. Nor does the Court address specific times of delay that are not attributable to Petitioner (e.g. from the arrest on August 4, 1993 until the first trial date of October 19, 1993;

entrapment hearing concluded on February 25, 1994 and decision not rendered until July 14, 1994). Respondent has failed to show a diligent good faith effort or explain the delays. In the balance, very little of the delay can be attributable to Petitioner.

In summary, reasonable jurists could debate the Court's factual assessment of the four (4) factors, the balancing of those factors, and the application of the legal standards of prejudice for ineffective assistance of counsel. Petitioner's speedy trial and ineffective assistance of counsel claim deserves review by the Sixth Circuit.

          Respectfully submitted,

          _____
          **CRAIG A. DALY, P.C. (P27539)**
          Attorney for Petitioner
          28 W. Adams, Suite 900
          Detroit, Michigan 48226
          (313) 963-1455

Dated: June 29, 2004

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DAVID MAPLES,**

    Petitioner,

File No. 00-71718

-vs-

Hon. Victoria Roberts

**JIMMY STEGALL, Warden**

    Respondent.

## PROOF OF SERVICE

STATE OF MICHIGAN  )
                             )SS
COUNTY OF WAYNE  )

**CRAIG A. DALY, P.C.**, being duly sworn, deposes and says that on the 29th day of June 2004 he did serve a true copy of Motion for Certificate of Appealability and Memorandum of Law in Support upon Brad H. Beaver, Assistant Attorney General, Habeas Corpus Division, 7th Floor Williams Building, 525 W. Ottawa, P.O. Box 30217, Lansing, Michigan 48909 by first class mail.

                                                               CRAIG A. DALY, P.C. (P27539)

Subscribed and sworn to before me
this 29th day of June 2004.

*[Notary signature]*

*Melinda D. Zawal, Notary Public*
*State of Michigan, County of Macomb*
*My Commission Expires 6/19/2010*
*Acting in the County of Wayne*