UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**

JUL 7 - 2004

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

DAVID A. MAPLES,

      Petitioner,

v.                                 CASE NO. 00-CV-71718-DT
                                 HONORABLE VICTORIA A. ROBERTS

JIMMY STEGALL,

      Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION
## FOR A CERTIFICATE OF APPEALABILITY

      Petitioner has appealed the Court's opinion and order denying his application for the writ of habeas corpus following remand from the Sixth Circuit Court of Appeals. Currently pending before the Court is Petitioner's motion for a certificate of appealability (COA).

      "[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a COA." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner 'has already failed in that endeavor.'" *Miller-El*, 537 U.S. at 337 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

      Courts must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P.

22(b)(1); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The issue on remand was whether Petitioner was prejudiced by defense counsel's erroneous advice that Petitioner could appeal a speedy trial issue after pleading guilty. The determination of this question required an assessment of Petitioner's underlying claim that his right to a speedy trial was violated. The Court determined that Petitioner's speedy trial claim lacked merit and, therefore, defense counsel's incorrect advice did not prejudice Petitioner. The Court concluded that defense counsel was not ineffective.

Reasonable jurists could debate the Court's assessment of Petitioner's constitutional claim, for "a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338. Accordingly, Petitioner's motion for a certificate of appealability [Doc. #66] is **GRANTED**.

/s/ Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Date: JUL - 7 2004